OPINION.
{¶ 1} Defendant-appellant Robert Hocker appeals his convictions of assault and aggravated menacing which were entered in the Belmont County Court, Northern Division, after a jury trial. The issues presented include whether a statement by one of the victims constituted testimony of a prior bad act, whether the prosecutor improperly induced this statement, and whether the trial court only compounded the problem by way of its curative instruction. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS {¶ 2} As a result of an incident that occurred in Bellarie, Ohio on June 4, 1999, appellant was charged with two counts of assault in violation of R.C. 2903.13(A) and one count of aggravated menacing in violation of R.C. 2903.21(A), all first degree misdemeanors. At the September 14, 1999 jury trial, testimony established that Christa Applegarth was at the gas station when her boyfriend, Richard Kartman, walked over from the park and told her that he wanted to leave because appellant was threatening to assault him. (Tr. 62).
 {¶ 3} Richard stated that appellant had been bothering him ever since he gave appellant's girlfriend a ride. Richard claimed that when appellant saw his girlfriend in Richard's vehicle, he told Richard he "better watch [his] back" because appellant was "going to put a bullet in it." (Tr. 89).
 {¶ 4} Getting back to the events of June 4, both Christa and Richard testified that appellant was beating on their vehicle while yelling at Richard, who entered the vehicle and locked his door. (Tr. 63, 91). Appellant then went around to the passenger side where Christa was standing. She said she was trying to keep appellant away from Richard. She related that she and appellant yelled and swore at each other. She testified that she pushed appellant away from her, and he pushed her back. She then stated that he hit her in the face, at which time two people pulled appellant away. (Tr. 66-67). Richard confirmed this sequence of events. (Tr. 92-93). Richard also testified that appellant stated, "I'll kill you too, bitch." (Tr. 92).
 {¶ 5} The police were called to the scene by a bystander. In the meantime, Christa and Richard drove to the police station and filed the report which resulted in a charge of aggravated menacing for the alleged threat against Richard and a charge of assault with regards to both Christa and Richard. While at the station, an officer noticed a red mark on Christa's face.
 {¶ 6} After trial, the jury found appellant not guilty of assault against Richard. However, they convicted him of assault against Christa and aggravated menacing against Richard. Sentencing took place on September 22, 1999. The court sentenced appellant to six months in jail on the assault charge. On the charge of aggravated menacing, the court imposed six months with all but one day suspended and two years of probation. The convictions were appealed to this court.
 {¶ 7} This court originally dismissed the appeal as no action was taken on the case for a considerable period. Thereafter, appellant's counsel asked to reopen the appeal with the consent of the state. Counsel then filed a motion to withdraw and a no merit brief. We reinstated the appeal and appointed new counsel to file a merit brief. Due to problems with the record, the appellate briefs were not filed until recently.
 ASSIGNMENT OF ERROR {¶ 8} Appellant's sole assignment of error contends:
 {¶ 9} "The cumulative effect of prosecutor and witness misconduct and court compounding thereof is prejudicial to the accused and such errors are not harmless beyond a reasonable doubt."
 {¶ 10} This assignment of error revolves around the following excerpt, many important parts of which appellant omits from the passages quoted in his brief:
 {¶ 11} "Q. Was he — were you harmed?
 {¶ 12} "A. [Richard] No I wasn't actually touched. I was just mentally —
 {¶ 13} "Q. Why were you not touched?
 {¶ 14} "A. I believe because of my physical size. I believe that — this is what I believe — that Mr. Hocker has thought twiceabout coming after me the way he does other people. You know, I'm talking about — [Emphasis added to contested portion]
 {¶ 15} "[Appellant's counsel]: Objection, your Honor.
 {¶ 16} "THE COURT: Sustained. Is there a motion to strike?
 {¶ 17} "[Appellant's counsel]: Yes, Your Honor.
 {¶ 18} "THE COURT: Motion to strike, both as to the reason he believes Mr. Hocker has not come after him, and as to any other incident, the comment being like he's gone after other people or something, the jury will disregard those comments.
 {¶ 19} "[Appellant's counsel]: Can we approach, your Honor?
 {¶ 20} "THE COURT: Yes.
 {¶ 21} "(Bench Conference.)
 {¶ 22} "[Appellant's counsel]: At this time, this is for the defendant, this is [appellant's counsel], and I want to make a motion for a mistrial on the basis of reference to other bad acts by this witness, which is not a responsive answer.
 {¶ 23} "THE COURT: The court overrules that motion. I do not believe it is sufficient for a mistrial. However, I've instructed the jury to disregard that, and I will again instruct the jury to disregard that.
 {¶ 24} "[Appellant's counsel]: Thank you, your Honor.
 {¶ 25} "(Bench Conference concluded.)
 {¶ 26} "THE COURT: We'll proceed with the trial of this matter, but before we proceed, I want to make another cautionary instruction to the jury.
 {¶ 27} "Folks, you remember when we started out, I told you there were going to be occasions when I was going to tell you that perhaps you might have to disregard something. I've already stated it, but I want to make it just as crystal clear as possible.
 {¶ 28} "You are to disregard completely that statement as to other bad acts. I don't know if that's an exact quote, or something to that effect. I want you to disregard that testimony completely.
 {¶ 29} "You all told me during voir dire that you would do that. I'm holding you to that. So you will ignore that." (Tr. 93-95).
 {¶ 30} Appellant suggests that the prosecutor engaged in prosecutorial misconduct by asking a question which resulted in an answer containing a reference to what could be characterized as a prior bad act. Appellant then labels Richard's answer as witness misconduct. Finally, appellant claims that a certain portion of the court's curative instruction made the prejudice to his case even stronger. Specifically, appellant only takes issue with the part of the instruction where the court stated, "You are to disregard completely that statement as to other bad acts." (Tr. 95). Appellant concludes that although the errors may be harmless by themselves, when compounded, the cumulative effect requires the convictions to be reversed and remanded for a new trial.
 {¶ 31} The cumulative error doctrine states that a conviction can be reversed where the cumulative effect of errors in a trial deprives the defendant of the constitutional right to a fair trial even though each of the instances of error does not individually constitute a cause for reversal. State v. Garner (1995), 74 Ohio St.3d 49, 64. The doctrine is inapplicable where appellant fails to establish multiple instances of harmless error. Id. Additionally, errors that are harmless or nonprejudicial cumulatively as well as individually will not invoke the doctrine. State v. Brown (Jan. 30, 2001), 7th Dist. No. 96CA56, citingState v. Goff (1998), 82 Ohio St.3d 123, 140.
 {¶ 32} Pursuant to Evid.R. 404(B), evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. This rule lists several exceptions; however, none are applicable in this case.
 {¶ 33} Here, the prosecutor did not try to admit other acts of evidence. Rather, the witness happened to vaguely make reference to other acts in general in response to an unrelated question from the prosecutor. As such, prosecutorial misconduct is not ascertainable.
 {¶ 34} Moreover, the witness's answer does not seem to reflect witness misconduct. For instance, the witness did not proceed to testify to inadmissible evidence after being warned. The witness's statement was not so inflammatory that it could be said the witness should have known better. Further, the witness was not a police officer who may be familiar with certain rules of evidence. See, e.g., State v. Jones (1996),115 Ohio App.3d 204, 207 (where we noted that although the police officer was a witness who was familiar with the rules of evidence, we presume the jury followed the curative instruction and thus the court did not err in denying a mistrial based on testimony about a prior record).
 {¶ 35} This leaves us with the mere existence of the witness's statement coupled with the court's cautionary instructions to the jury. It is a well-established premise that the jury is presumed to follow cautionary or curative instructions. State v. Treesh (2001),90 Ohio St.3d 460, 480; State v. Loza (1994), 71 Ohio St.3d 61, 75. Furthermore, the instruction in this case required the jury to disregard Richard's remark which merely implied that appellant regularly tried to assault people. Note that we use the word "implied." This is because the reference to prior bad acts is very general. In fact, the jury may very well have interpreted this statement as referring to the assault of Christa rather than other, unnamed individuals. In such case, the statement would not be a reference to a prior bad act but a bad act that was part of the case at hand.
 {¶ 36} Additionally, we note that the court's first curative instruction is not raised as error on appeal. Yet, it was after this instruction that counsel asked for a mistrial. At the bench conference after denying the motion for a mistrial, the court then informed counsel that it would give appellant another curative instruction. Defense counsel did not object to this second instruction before, during, or after its presentation. See State v. Winston, 8th Dist. No. 81436,2003-Ohio-653 (noting that the defendant had the right to reject the court's offer of an additional curative instruction in a case where defense counsel argued the court's instruction compounded the damage already done).
 {¶ 37} Finally, merely because the court used the phrase "bad acts," which is a common name for the doctrine at issue, does not mean the court created prejudice in the minds of the jurors. As the state points out, appellant was acquitted of the assault involving Richard, which tends to suggest that the jury was not prejudiced into convicting by the other acts reference.
 {¶ 38} We conclude that appellant's right to a fair trial was not destroyed as a result of the witness's statement and the court's curative instruction. See Treesh, 90 Ohio St.3d at 480 (stating that a mistrial was not required where the prosecutor improperly elicited testimony regarding the defendant's request for an attorney and where the trial court gave a curative instruction). As such, this assignment of error is overruled.
 {¶ 39} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
Waite, P.J., and Donofrio, J., concur.