**VILLAGE OF BOSTON HEIGHTS, Appellee,**

v.

**WEIKLE, Appellant.**

[Cite as *Boston Hts. v. Weikle* (1991), 81 Ohio App.3d 165.]

Court of Appeals of Ohio,
Summit County.

Nos. 14982, 15023.

Decided Oct. 2, 1991.

*Thomas T. Mullen,* Prosecuting Attorney, for appellee.

*Michael D. Weikle, pro se.*

REECE, Judge.

Defendant-appellant, Michael David Weikle, acting *pro se,* appeals the judgment of the Cuyahoga Falls Municipal Court finding him guilty of a speeding violation. Ordinance of the Village of Boston Heights 333.03(b)(5). His original appeal to this court was dismissed as not timely filed. Weikle then tendered a second appeal accompanied by a motion for reconsideration. Based upon the evidentiary materials provided, the request for reconsideration was granted by this court over plaintiff-appellee Boston Heights' objections.

The two appeals were then consolidated. At Weikle's request, his brief in support of the motion for reconsideration was redesignated as his appellant brief. Boston Heights failed to file its own brief and oral argument was waived. Seven assignments of error are now before this court.

### Assignment of Error No. II

"The trial court erred when it denied the defendant-appellant's motion to dismiss which was made on grounds that the defendant-appellant had been denied a speedy trial and such delay beyond the statutory thirty (30) day period was the result of the trial court's improper referral of the defendant-appellant's contested case to a referee without his prior written consent."

Weikle was cited on October 4, 1990. Arraignment was initially scheduled for October 23, 1990 in the Boston Heights Mayor's Court, but Weikle did not appear. The hearing was rescheduled for October 30, 1990, at which time Weikle did present himself. He pled not guilty to the charge and the mayor certified the case to the Cuyahoga Falls Municipal Court. Docketing was completed on November 2, 1990.

Weikle's trial was set for November 16, 1990. When he arrived in court and discovered the matter was to be heard by a referee, he refused to consent to such. Trial was then rescheduled for December 3, 1990 before a judge. Weikle failed again to appear. The trial finally commenced on January 7, 1991.

At the onset of the hearing, Weikle moved to dismiss the charges on the grounds he had been denied his rights to a speedy trial. The court overruled this request and the issue is now before us on appeal.

█ Upon a minor misdemeanor charge, the accused must be brought to trial within thirty days from arrest or service of summons. R.C. 2945.71(A). Ohio's statutory speedy trial requirements, of which this provision is a part, "are mandatory and must be strictly complied with by the state."[1] *State v. Gray* (1964), 1 Ohio St.2d 21, 30 O.O.2d 12, 203 N.E.2d 319, paragraph one of the syllabus; *State v. Butcher* (1986), 27 Ohio St.3d 28, 31, 27 OBR 445, 447, 500 N.E.2d 1368, 1370.

A total of ninety-five days elapsed between the date Weikle was cited and the date he was brought to trial. We must therefore consider whether there were sufficient excludable days under R.C. 2945.72 to satisfy the speedy trial

---

1. For reasons which are not clear, Weikle has based his arguments upon R.C. 2938.03, an obscure provision governing the setting and continuing of cases before magistrates. This assignment of error will be analyzed by this court, however, pursuant to the applicable statutes.

requirements. See *Akron v. Couchois* (July 18, 1990), Summit App. No. 14415, unreported, at 3–7, 1990 WL 102417.

■ Pursuant to R.C. 2945.72(F), the running of the speedy trial deadline was tolled during the delay necessitated by the removal of the case from the mayor's court to the municipal court. We agree with the Franklin County Court of Appeals that this excludable period extends from the date of arrest (October 4, 1990) to the date of certification by the mayor's court (October 30, 1990) for an allowable deduction of twenty-six days. *Gahanna v. Partlow* (1985), 27 Ohio App.3d 267, 27 OBR 311, 501 N.E.2d 51; accord *Bellaire v. Tennat* (May 20, 1987), Belmont App. No. 86–B–16, unreported, 1987 WL 11258. But, see, *Milan v. Egle* (Aug. 30, 1985), Erie App. No. E–84–55, unreported (excludable period runs from certification by mayor's court to docketing in common pleas court); *Plymouth v. Risner* (Oct. 30, 1984), Richland App. No. 2247, unreported, 1984 WL 7554 (speedy trial deadline starts anew when case is docketed in municipal court); *Oakwood v. Ferrante* (1975), 44 Ohio App.2d 318, 73 O.O.2d 374, 338 N.E.2d 767; and *Perry v. Dallman* (Mar. 30, 1984), Lake App. No. 10–025, unreported, 1984 WL 6322 (transfer to municipal court does not toll speedy trial deadline).

■ Weikle's failure to appear at his initially scheduled arraignment and second trial date further justified extensions of seven and thirty-five days, respectively. R.C. 2945.72(D). The seven-day delay in the mayor's court, however, falls within the twenty-six-day period already allowed due to the removal to the municipal court. As a result, a total of sixty-one days are excludable pursuant to R.C. 2945.72.

■ The primary cause of the delay—Weikle's refusal to try his case to a referee—is another matter. Traf.R. 14 prohibits contested cases from being referred to a referee for the reception of evidence unless the defendant consents in writing. Since Weikle had not previously acquiesced to this alternative format, he acted within his rights by demanding a trial by a judge.

■ The statutory extensions enumerated in R.C. 2945.72 must be strictly construed against the state. *State v. Singer* (1977), 50 Ohio St.2d 103, 109, 4 O.O.3d 237, 240, 362 N.E.2d 1216, 1220. The submission of Weikle's case to a referee in violation of Traf.R. 14 does not fall within any of the exceptions set forth therein. Having thoroughly reviewed the brief record before us, we can find no other legitimate excuse for the delay in bringing Weikle to trial.

Taking into account the allowable extensions we have discerned, the deadline for trial imposed by R.C. 2945.71(A) was exceeded by four days. The trial

court therefore erred by refusing to dismiss the charges against Weikle. R.C. 2945.73(B).

This assignment of error is well taken.

### Assignments of Error Nos. I, III, IV, V, VI and VII

"I. The Trial Court erred when it referred the Defendant–Appellant's contested case to a referee without the written consent of the Defendant–Appellant as expressly required by Ohio Traffic Rule 14.

"III. The Trial Court erred when it denied Defendant–Appellant's Motion to Dismiss which was made on the grounds that the Complaint did not properly charge the Defendant–Appellant with a positive violation of State or Municipal law.

"IV. The Trial Court erred in admitting testimony concerning a measurement of the speed of the Defendant–Appellant's motor vehicle obtained by radar when the accuracy and reliability of the particular radar unit was not sufficiently established.

"V. The Trial Court erred in sustaining an objection to questions concerning the police officer's activities prior to the start of his midnight shift when such information was relevant to the police officer's state of rest and ability to make accurate observations.

"VI. The Trial Court erred in ordering the Defendant–Appellant to post a cash appearance bond which was in excess of the amounts provided for under Rule 46 of the Ohio Rules of Criminal Procedure.

"VII. The Trial Court erred when it confiscated the Defendant–Appellant's temporary driver's license when the Defendant–Appellant had not been charged with any offense which would permit such confiscation, even if convicted."

In light of our disposition of the second assignment of error, resolution of these challenges will not affect the ultimate result of this appeal. Accordingly, these six assignments of error are overruled.

The municipal court's judgment and sentence are reversed and the charges against Weikle are dismissed.

*Judgment reversed.*

QUILLIN, P.J., and CACIOPPO, J., concur.