OPINION
Defendant, Anthony Ellis, appeals from his conviction for Domestic Violence, R.C. 2919.25(A). Ellis was sentenced to serve ninety days in jail and was fined $200. The trial court suspended the jail time and $150 of the fine.
Ellis filed a timely notice of appeal, and also has filed a brief pro se that sets out two assignments of error. The Statehas not filed a brief in opposition.
 FIRST ASSIGNMENT OF ERROR DEFENDANT'S CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL WAS VIOLATED.
 Ellis does not argue that his right to a speedy trial specifically conferred by the Sixth Amendment to the Constitution of the United States or by Article I, Section 10
of the Ohio Constitution was denied. Rather, he argues that the speedy trial provisions of R.C. 2945.71 et seq. were violated. Those statutory provisions constitute a rational effort to enforce the constitutional right. State v. Pachay
(1980), 64 Ohio St.2d 218. Therefore, we will consider the assignment of error to pertain to the requirements which those statutory provisions impose.
Ellis was arrested on December 26, 1998 and charged with Domestic Violence, R.C. 2919.25(A). Per division (D) of that section, the offense is a misdemeanor of the first degree. Ellis was tried and convicted of that charge on November 2, 1999, three hundred and twelve calendar days later.
R.C. 2945.71(B)(2) provides that a person who is charged with a misdemeanor of the first degree must be brought to trial within ninety days after his arrest. Any of the events specified in R.C.2945.72 may operate to extend that time, but must be strictly construed against the State. Boston Hts. v. Weikle (1991),81 Ohio App.3d 165.
R.C. 2945.73(B) states:
 Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code.
Ellis was arrested on Saturday, December 26, 1998. The State was therefore required to bring Ellis to trial on or before March 25, 1999, absent a showing of any of the reasons for extension in R.C. 2945.72. The burden is on the State to show the application of those reasons upon a defendant's motion for discharge which demonstrates that his speedy trial date has passed. Cleveland v. Jones (1996), 110 Ohio App.3d 791.
Ellis was first represented by Attorney David Turner, who moved to continue the trial on April 5, 1999, after Ellis' speedy trial date had passed. The motion was granted. Subsequently, on July 30, 1999, Attorney Turner moved to withdraw as Ellis' counsel, citing irreconcilable differences. The motion was granted on August 3, 1999.
On August 25, 1999, Attorney Michael L. Wright made his appearance on Ellis' behalf. The notice of appearance states,inter alia, that "Defendant . . . does not waive his right to have his case brought to trial within the statutory time limits . . ." However, Attorney Wright filed a separate time waiver the next day, August 26, 1999.
On October 28, 1999, Ellis moved to dismiss for the State's failure to bring him to trial within the time that R.C. 2945.71 requires. The trial court overruled the motion on October 29, 1999, citing "[a] time waiver (that) was submitted on behalf of Defendant after numerous delays occasioned by the Defendant his refusal to cooperate with appointed counsel."
The record does not reflect that any time waiver was filed or that any other event chargeable to the Defendant which might extend his speedy trial date occurred on or before March 25, 1999, the ninetieth day after his arrest. The time waiver which Attorney Wright subsequently filed on August 26, 1999, cannot operate retroactively to extend Ellis' speedy trial date. Neither does it operate to waive the statutory right to discharge which accrued to Ellis on March 25, 1999 and which Ellis was entitled thereafter to invoke, and did invoke in his October 28, 1999 motion to dismiss. The trial court erred when it denied the motion.
The first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR DEFENDANT'S RIGHT TO TRIAL BY JURY WAS DENIED.
This assignment of error is rendered moot by our determination of the first assignment. Therefore, per App.R. 12(A)(1)(c), we decline to determine it.
 Conclusion
Having sustained the first assignment of error, we will reverse Defendant Ellis' conviction and order him discharged from criminal liability for the offense from which that conviction arose.
 _____________________ GRADY, P.J.,
FAIN, J. and YOUNG, J., concur.