{¶ 1} Appellant James V. Rhodes was convicted by a jury in the Columbiana County Court of Common Pleas on one count of felony theft. Counsel for Appellant has filed a motion to withdraw as counsel because the record has not disclosed any appealable issues in his opinion, pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493 and State v. Toney (1970), 23 Ohio App.2d 203,52 O.O.2d 304, 262 N.Ed.2d 419. On February 21, 2007, we granted Appellant thirty days to file a pro se brief describing any perceived appealable errors in this case. Appellant did file a pro se brief raising four issues. Appellant alleges that his trial counsel was ineffective, that the trial court should not have imposed court costs on an indigent defendant, that the trial judge failed to sign the sentencing entry, and that the verdict is against the manifest weight of the evidence. The alleged errors are all frivolous. Counsel's motion to withdraw is sustained and the judgment is affirmed.
 BACKGROUND {¶ 2} Late in the evening of June 8, 2005, Columbiana Policeman David Patton saw Appellant driving away from a new home construction site in the "Links" housing development on the outskirts of Columbiana. Patton saw Appellant leaving the area of Lot 157 pulling a portable cement mixer behind his truck. No one else was working at or near Lot 157 at that time of the evening, and the officer was aware of other recent thefts at the construction site. The officer followed Appellant and reported the license plate number to the police dispatcher. The truck was registered to a private individual and was not a company car, so the officer made a traffic stop to investigate. *Page 2 
 {¶ 3} Appellant was the only person in the truck. The officer asked Appellant what he was doing with the cement mixer. Appellant said he was taking it to another job site and that he worked for Mr. John Oliver, Jr. The officer took Appellant's name and Social Security number, and discovered that there was an outstanding warrant for his arrest. Upon learning that he would be placed under arrest for the outstanding warrant, Appellant asked if he could return the cement mixer to Lot 157. Appellant and Patrolman Patton drove back to Lot 157 and disconnected the cement mixer from the truck.
 {¶ 4} The Columbiana Police Department made further inquiries in the early morning hours of June 9, 2005, and determined that Appellant did not work for Mr. John Oliver, Jr., and that, regardless, neither Appellant nor Mr. Oliver owned the cement mixer. The cement mixer belonged to Mr. Robert Cerimele, a building contractor. Mr. Cerimele was building a house at Lot 157 in the "Links" housing development off of S.R. 14 in Columbiana, and the mixer was being used there. The cement mixer had been secured at the work site by a lock and chain. Mr. Cerimele indicated that he did not employ Appellant, did not know Appellant, and that Appellant had no permission to use or take the cement mixer. When Mr. Cerimele examined the mixer after police contacted him, he noted that its lock and chain had been removed. Mr. Cerimele thought the cement mixer was worth about $2000 in its current condition.
 {¶ 5} Appellant was arrested on June 9, 2005, and an attorney was appointed to represent him. He was released on bond on June 13, 2005. Appellant was indicted on August 25, 2005, on one count of theft, R.C.2913.02(A)(1), a fifthdegree *Page 3 
felony based on the fact that the property was valued at more than $500 but less than $5000. Appellant failed to appear for his arraignment on September 21, 2005, and a warrant was issued for his arrest. He was apprehended on October 19, 2005, and released the same day on bond. Trial was set for March 8, 2006.
 {¶ 6} On October 21, 2005, Appellant's counsel filed a request for discovery and for a bill of particulars. These were filed by the prosecutor on November 15, 2005.
 {¶ 7} On February 27, 2006, Appellant filed a motion to inspect the cement mixer and a motion for continuance of the trial. Trial was rescheduled for July 11, 2006.
 {¶ 8} On July 6, 2006, Appellant filed a motion for change of venue, based on a variety of recent newspaper articles alleging that Appellant was under investigation or indictment for a series of crimes in Ohio, Pennsylvania and Florida, including attempted homicide and armed robbery. The state filed a response, arguing that the motion was untimely and did not establish prejudice. The trial court overruled the motion and the case proceeded to jury trial as scheduled. The state called two police officers and Mr. Cerimele to testify at trial. The jury found Appellant guilty. The court held a sentencing hearing on August 30, 2006, and filed a judgment entry the same day, sentencing Appellant to eleven months in prison.
 {¶ 9} Appellant filed his appeal on October 5, 2006, along with a motion for delayed appeal, which was granted. On January 30, 2007, Appellant's counsel filed a no merit brief and a motion to withdraw as counsel. We granted Appellant 30 days *Page 4 
to file any pro se assignments of error or possible arguments for appeal. Appellant filed his pro se brief on March 19, 2007.
 STANDARD OF REVIEW {¶ 10} An attorney appointed to represent an indigent criminal defendant on his or her first appeal as of right may seek permission to withdraw upon a showing that the appellant's claims have no merit.Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493; State v. Toney (1970), 23 Ohio App.2d 203, 52 O.O.2d 304, 262 N.Ed.2d 419. To support such a request, appellate counsel must undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support the appeal. Id. The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous. Id.
 {¶ 11} In Toney, we set forth in the syllabus the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:
 {¶ 12} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 13} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se. *Page 5 
 {¶ 14} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 {¶ 15} "6. Where the Court of Appeals make such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.
 {¶ 16} "7. Where the Court of Appeals determines that an indigents appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed."
 {¶ 17} Appellant's counsel has submitted a brief and a motion to withdraw, both of which indicate that there are no potentially meritorious issues on appeal. Appellant then filed a pro se brief with four assignments of error. We will now review the record to determine whether the appeal is wholly frivolous.
 ASSIGNMENT OF ERROR NO. 1 {¶ 18} "APPELLANT WAS DENIED HIS GUARANTEED RIGHT TO COUNSEL UNDER THESIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."
 {¶ 19} Appellant contends that his counsel was ineffective pursuant toStrickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052,80 L.Ed.2d 674. In order to establish ineffective assistance of counsel, the defendant must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Id. at 687. Second, the *Page 6 
defendant must establish some type of prejudice that resulted from counsel's errors. Id.
 {¶ 20} A duly licensed attorney receives the benefit of a strong presumption of competence. State v. Smith (1985), 17 Ohio St.3d 98, 100,477 N.E.2d 1128. The defendant has the burden to establish a reasonable probability that, but for counsel's errors, the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136,142, 538 N.E.2d 373. Generally speaking, counsel's trial tactics and strategic decisions do not give rise to a claim of ineffective assistance of counsel. State v. Hoffner, 102 Ohio St.3d 358,2004-Ohio-3430, 811 N.E.2d 48, ¶ 45.
 {¶ 21} Appellant first argues that counsel should have tried to suppress evidence of the existence of the cement mixer due to problems with the chain of custody. The record does not indicate any irregularity regarding the chain of custody of the cement mixer that warranted any action by Appellant's counsel. As a general matter, "the state [is] not required to prove a perfect, unbroken chain of custody." State v.Keene (1998), 81 Ohio St.3d 646, 662, 693 N.E.2d 246. Accordingly, "[a] strict chain of custody is not always required in order for physical evidence to be admissible." State v. Wilkins (1980), 64 Ohio St.2d 382,389, 18 O.O.3d 528, 415 N.E.2d 303. Even if there is a demonstrable gap in the chain of custody of some evidence, this will only affect the weight of the evidence at issue and will not render the evidence inadmissible. State v. Richey (1992), 64 Ohio St.3d 353, 360,595 N.E.2d 915.
 {¶ 22} It should be made clear that the cement mixer was not admitted as evidence at trial. The existence and ownership of the cement mixer were established *Page 7 
by witness testimony and by photographs. Officer Patton testified he saw Appellant driving away with the cement mixer and then returning it to Lot 157. Officer Patton and Mr. Cerimele identified the cement mixer through photographs that were introduced at trial. Mr. Cerimele identified himself as the true owner of the cement mixer. It is unclear what counsel could or should have done to challenge the fact Mr. Cerimele owned the cement mixer that was on Lot 157 in the "Links" housing development in Columbiana on the night of June 8, 2005.
 {¶ 23} Even if Appellant's counsel could have somehow prevented the photos of the cement mixer from being introduced as evidence, it is unclear how this would have affected the outcome of trial. Assuming arguendo that the photos were excluded, there was other substantial evidence establishing its existence. Both Officer Patton and Mr. Cerimele established that a cement mixer was locked up on Lot 157, that Appellant was found removing the cement mixer without permission, that Appellant did not own the cement mixer, that Appellant returned the cement mixer to the lot after he was caught driving away with it, that the lock and chain were removed from the cement mixer, and that Mr. Cerimele owned the cement mixer. The state did not need to rely on photos because the testimony of the witnesses was sufficient to establish the existence and ownership of the stolen item.
 {¶ 24} Appellant's second argument is that his counsel failed to ask for a jury instruction on a lesser included offense of misdemeanor theft because there was no evidence of the value of the cement mixer. The statute that Appellant was charged under, R.C. 2913.02(A), may be a misdemeanor charge if the value of the property stolen is less than $500. The felony theft charge in the indictment was based on the *Page 8 
state establishing that the value of the stolen property was more than $500 but less than $5000. Appellant's argument assumes that the state needed some sort of written appraisal of the cement mixer to establish its value, but he is incorrect. Value may be established by testimony alone, and no further corroboration is needed. State v. Awad,164 Ohio App.3d 528, 2005-Ohio-5861, 843 N.E.2d 201, ¶ 33. Mr. Cerimele testified that the cement mixer was worth $2000 in its current condition. This testimony was uncontradicted, and sufficient to establish the value of the cement mixer.
 {¶ 25} Furthermore, the failure to request instructions on lesser-included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel. State v. Clayton (1980),62 Ohio St.2d 45, 16 O.O.3d 35, 402 N.E.2d 1189, certiorari denied (1980),449 U.S. 879, 101 S.Ct. 227, 66 L.Ed.2d 102.
 {¶ 26} Appellant's third argument is that his counsel failed to assert a Crim.R. 29 motion for acquittal during the trial, and thus failed to preserve for review the issue of the sufficiency of the evidence. The trial transcript reveals that counsel did orally move to dismiss based on the state's failure to establish the elements of its case; this is the substance of a Crim.R. 29 motion. (Tr., p. 186.) The trial court's judgment entry also indicates that counsel moved for dismissal under Crim.R. 29. Appellant's argument is not supported by the record.
 {¶ 27} Appellant's fourth argument is that counsel should have filed a motion to dismiss based on the violation of his statutory speedy trial rights. R.C. 2945.71 provides that a person charged with a felony shall be brought to trial within 270 days, and further establishes that any day an accused is held in jail in lieu of bond solely on *Page 9 
the pending charge shall be counted as three days for purposes of speedy trial calculations. R.C. 2945.72 provides a variety of reasons that extend or toll the speedy trial time. For example, speedy trial time is tolled for periods when the accused is unavailable for hearing or trial, or for delays occasioned by the neglect or improper act of the accused, or for continuances granted on the accused's own motion.
 {¶ 28} It is clear from the record that Appellant was tried well within the statutory speedy trial time. Appellant was arrested on the charge on June 8, 2005. He was released on bail on June 13, 2005. The day of arrest is not counted in speedy trial calculations. State v.Lautenslager (1996), 112 Ohio App.3d 108, 110, 677 N.E.2d 1263. The time from June 9th to June 13th resulted in 15 days of speedy trial time being used. On September 21, 2005, Appellant failed to appear for his arraignment, and pursuant to R.C. 2945.72(D), this stopped the speedy trial clock. Adding the additional time used between June 13th and September 21st, a total of 115 speedy trial days had elapsed. Appellant was apprehended and arraigned on October 19th, which started the speedy trial clock again. On October 21, 2005, Appellant filed motions for discovery and for a bill of particulars, which generally toll the speedy trial clock. State v. Brown, 98 Ohio St.3d 121, 2002-Ohio-7040,781 N.E.2d 159, ¶ 26. The time between October 19th and 21st added 2 more days, bringing the total used to 117 days. The state responded to the motions on November 15, 2005, starting the speedy trial clock again.
 {¶ 29} The next tolling event was on February 27, 2006, when Appellant filed a motion to compel discovery and asked for the trial date to be postponed. Between *Page 10 
November 15, 2005, and February 27, 2006, another 105 speedy trial days elapsed, bringing the total to 222 days. Once again, the fact that Appellant's counsel filed a motion to postpone trial tolled the speedy trial clock.
 {¶ 30} Appellant contends that his counsel could have manipulated events to charge more time to the state and somehow manufacture a speedy trial error. This is gross speculation. At the time counsel filed his February 27, 2006, motion for a continuance, trial was scheduled to start only a few days later on March 8th. This date was well within the statutory speedy trial time. If counsel wanted to delay trial but also charge the time to the state, it would have had to make the request prior to March 8th, and there is no guarantee that the trial court would have granted the request. If counsel merely wished to postpone trial long enough to deal with the motion to compel discovery, counsel could have fashioned an appropriate motion, but once again, there is no guarantee as to what the outcome would have been, and counsel may have been stuck with a March 8th trial date. There are undoubtedly other tactics that counsel might have used to delay trial and use up more of the speedy trial clock, but as we have already stated, trial tactics do not constitute ineffective assistance of counsel.
 {¶ 31} There is no plausible basis to any of Appellant's arguments, and this assignment of error is overruled as frivolous.
 ASSIGNMENT OF ERROR NO. 2 {¶ 32} "APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 11 
 {¶ 33} In determining whether a verdict is against the manifest weight of the evidence, the reviewing court must examine the entire record and determine if the jury, in resolving conflicts in the evidence, clearly lost its way and created a manifest miscarriage of justice. State v.Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. Reversals due to errors in the manifest weight of the evidence are very rare. Appellant argues that the evidence does not prove that he was towing the same cement mixer owned by Mr. Cerimele, and that there was no proof of the value of the cement mixer. Based on this record, these are absurd arguments. Patrolman Patton testified that he followed Appellant and saw him return the cement mixer to Lot 157, and Mr. Cerimele testified as to the ownership and monetary value of the cement mixer at that location. The evidence is overwhelming and completely one-sided in this case. There is no controversy about any of the evidence, and this assignment of error is frivolous.
 ASSIGNMENT OF ERROR NO. 3 {¶ 34} "The trial court erred when the court added court cost before determining if [Appellant] was indigent with a hearing according to statute."
 {¶ 35} Appellant asserts that he was indigent at the time of sentencing and that the trial court could not impose court costs as a sanction without conducting another hearing as to his indigency. This argument is completely incorrect. R.C. 2947.23 requires the sentencing judge to assess court costs on a convicted defendant. In State v.White, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, the Ohio Supreme Court held that the assessment of court costs pursuant to R.C.2947.23 was mandatory even if the defendant was indigent, but left open the *Page 12 
possibility that, during the collection process, the clerk of court might waive the collection of those costs for an indigent defendant. The issue of a hearing arises under R.C. 2947.23(B) only if those court costs are not paid during the collection process: "If a judge or magistrate has reason to believe that a defendant has failed to pay the judgment described in division (A) of this section * * * the judge or magistrate shall hold a hearing to determine whether to order the offender to perform community service for that failure." The trial court had no duty or reason to hold another hearing prior to imposing court costs on Appellant. This matter is settled law in Ohio and provides no basis for raising any appealable error. This assignment of error is frivolous and is overruled.
 ASSIGNMENT OF ERROR NO. 4 {¶ 36} "The trial court erred when the court issued a judgment entry to sentence Appellant without a valid signature by the trial judge."
 {¶ 37} This argument, too, is frivolous. The record clearly indicates that the trial judge signed the judgment entry of conviction and the judgment entry of sentence.
 {¶ 38} Further review of the record indicates that there are no other viable arguments to be made regarding other decisions made by the trial court, including his decision overruling a motion for change of venue and a motion to declare a mistrial. The trial court had wide discretion in deciding whether to grant a motion for change of venue. State v.Coley (2001), 93 Ohio St.3d 253, 258, 754 N.E.2d 1129. The basis for the motion for change of venue was alleged adverse pretrial publicity. The change of venue motion was clearly filed well after the deadline for filing such *Page 13 
motions as set forth in Crim.R. 18(B)(1), and the mere existence of pretrial publicity is not a basis for granting a change of venue.State v. Roberts, 110 Ohio St.3d 71, 850 N.E.2d 1168, 2006-Ohio-3665, ¶ 1
17. Furthermore, "a careful and searching voir dire provides the best test of whether prejudicial pretrial publicity has prevented obtaining a fair and impartial jury from the locality." State v.Bayless (1976), 48 Ohio St.2d 73, 98, 357 N.E.2d 1035. There was an extensive jury voir dire in this case, and during voir dire it became clear that few of the jurors had even heard of the case or knew anything about Appellant. Appellant's counsel exercised a number of challenges to exclude jurors who had learned about the case from the news media.
 {¶ 39} Appellant's motion for a new trial was based on the allegation that, during the lunch recess of the trial, Appellant was escorted to a sheriff's cruiser in the presence of one of the jurors. Appellant was dressed in normal street clothes and was not shackled or in handcuffs. Nevertheless, Appellant's counsel at trial argued that a fair trial was no longer possible because of the prejudice created when a juror saw the defendant being escorted by the police while leaving the courthouse. A trial court's ruling on a motion for mistrial is reviewed for abuse of discretion. Cleveland v. Walters (1994), 98 Ohio App.3d 165, 168,648 N.E.2d 37. "[T]he danger of prejudice to defendants is slight where a juror's view of defendants in custody is brief, inadvertent and outside of the courtroom." State v. Kidder (1987), 32 Ohio St.3d 279, 286,513 N.E.2d 311. Although any potential prejudice could have been corrected by an instruction from the trial court, Appellant's counsel specifically asked the trial court not to give any corrective instruction because, in counsel's opinion, it would have done more harm than good. (Tr., p. 171.) Given that there is no reason to find any *Page 14 
prejudice in what occurred, and given that Appellant's counsel specifically asked the trial court not to give a curative instruction, there is no basis to find any abuse of discretion in the trial court's ruling.
 {¶ 40} All of Appellant's alleged errors are frivolous, and we hereby sustain counsel's motion to withdraw from representation of Appellant. The appeal is dismissed as being wholly frivolous, and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Genaro, P.J., concurs. *Page 1