[Cite as *State v. Stutz*, 2011-Ohio-5210.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 24489 |
| v. | : | T.C. NO. 10CR2946/2 |
| ANDREW M. STUTZ | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____7th____ day of ____October____, 2011.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CARY B. BISHOP, Atty. Reg. No. 0077369, 79 Trails East, Pataskala, Ohio 45504
        Attorney for Defendant-Appellant

ANDREW M. STUTZ, #646386, Madison Correctional Institution, P. O. Box 740, London, Ohio 43140
        Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}  On December 20, 2010, Defendant-Appellant, Andrew Stutz, was indicted by

a grand jury on one count of burglary (a third degree felony) and receiving stolen property (a

fourth degree felony). Appellant was arraigned and entered a plea of not guilty, however, he subsequently changed his plea to guilty. Appellant was sentenced to one year of incarceration for the burglary charge and six months of incarceration for the charge of receiving stolen property. Those terms were to be served concurrently. The court ordered restitution to be paid in the amount of $3,000.00 along with court costs, but waived any fines. Appellant filed a timely appeal.

{¶ 2} Appellant's counsel filed a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, stating that after careful review of the record, no non-frivolous issues for an appeal can be found. Nevertheless, Appellant's counsel has identified three possible assignments of error that we should review. We then informed appellant that counsel had filed this brief and granted him time to submit a pro se brief. No pro se brief has been filed. We have conducted an independent review of the record. *Penson* v. *Ohio* (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.

{¶ 3} Appellant's counsel has identified the first potential assignment of error as "ineffective assistance of [trial] counsel."

{¶ 4} When considering the performance of trial counsel, the performance will not be deemed ineffective unless and until it is demonstrated that counsel's performance fell below an objective standard of reasonable representation which resulted in prejudice. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show prejudice due to counsel's deficient performance, the defendant must "affirmatively demonstrate to a reasonable probability that were it not for counsel's errors, the result of the proceedings would have been different." Id.; *State v. Bradley* (1989), 42 Ohio St.3d 136

(adopting *Strickland*).

**{¶ 5}** However, a guilty plea "waives ineffective assistance of counsel claims except to the extent that counsel's performance causes the waiver of Defendant's trial rights and the entry of his plea to be less than knowing and voluntary." *State v. Kidd*, Clark App. No. 03CA43, 2004-Ohio-6784, ¶16. The burden of proof is on the defendant to show ineffective assistance of counsel. *State v. Smith* (1985), 17 Ohio St.3d 98, 100.

**{¶ 6}** During the sentencing, Appellant had no complaints regarding his trial counsel. Counsel explained the Appellant's background and requested community control. Although Appellant was sentenced to prison, this was not due to any ineffectiveness of trial counsel. Furthermore, counsel filed a motion requesting a waiver of restitution, costs, and fines, which resulted in the court's not ordering any fines and preserving the issue of costs for appeal. Regarding restitution, Appellant's counsel negotiated with the State after it requested an order in the amount of $8,938.00 and was able to have the restitution amount lowered to $3,000.00. In every aspect of the process, it seems that trial counsel was effective in representing the Appellant. This potential assignment of error is frivolous.

**{¶ 7}** The second possible assignment of error, as identified by Appellant's counsel, is "prejudicial error in granting restitution" in the amount of $3,000.00.

**{¶ 8}** When a court is sentencing an offender for a felony, any financial sanction or combination of financial sanctions authorized under R.C. 2929.18 may be imposed. R.C. 2929.18(A)(1) provides that financial sanctions may include:

**{¶ 9}** "Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. *** If the court

imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. ***"

{¶ 10} Before a court imposes restitution, it must determine the amount to a reasonable degree of certainty, making certain that the amount of restitution is supported by competent, credible evidence. *State v. Summers*, Montgomery App. No. 21465, 2006-Ohio-3199, ¶44; *State v. Waiters*, 191 Ohio App.3d 720, 2010-Ohio-5764, ¶17, citing *State v. Warner* (1990), 55 Ohio St.3d 31, 69. If necessary, documentary and/or testimonial evidence should be introduced to demonstrate the amount of the victim's loss. *Summers* at ¶44. And, there must be a "due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered." *Waiters* at ¶17, citing *State v. Williams* (1986), 34 Ohio App.3d 33, 34.

{¶ 11} The trial court is not necessarily required to hold a hearing in order to prove the amount of damages incurred by the victim. *State v. Lake* (1996), 111 Ohio App.3d 127, 132. The court shall only hold a hearing on restitution "if the offender, victim, or survivor disputes the amount." R.C. 2929.18(A)(1). "A defendant who does not dispute an amount of restitution, request a hearing, or otherwise object waives all but plain error in regards to the order of restitution." *State v. Twitty*, Montgomery App. No. 24296, 2011-Ohio-4725,

¶26.

{¶ 12} Here, Appellant pled guilty to two felony charges, thus the court was authorized under R.C. 2929.18(A)(1) to impose restitution. The record shows that the court considered a presentence investigation report from the Adult Probation Department, a letter from Appellant, and information provided by the State regarding the claim for restitution. Information submitted by the State was reviewed, and the court determined that the information showed values for the cost of the property instead of current fair market values. Moreover, the court took into account the substantial insurance proceeds received by the victim and co-victim for their losses. After the court had discussions with counsel, restitution was set at $3,000.00 instead of the $8,938.00 requested by the State. The record thus demonstrates the court's consideration of evidence submitted in coming to an amount that is reasonable to the loss suffered by the victims.

{¶ 13} Also important here is that, after the court ordered a restitution amount of $3,000.00, it addressed whether defense counsel would seek a hearing on the specific amount. Counsel responded that "I've discussed it with my client and he agrees to the $3,000.00 on restitution." Since all parties agreed and there was no dispute or objection, a separate hearing was not required.

{¶ 14} The court was authorized to impose restitution. The court reviewed the relevant evidence when determining an amount of $3,000.00, and the Appellant agreed on this amount without dispute or objection. This potential assignment of error is frivolous.

{¶ 15} Appellant's counsel identified the third potential assignment of error as "ordering Appellant to pay court costs."

{¶ 16} Under R.C. 2947.23, the trial court *shall* impose court costs in all criminal cases. See *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, ¶8 (stating that R.C. 2947.23 "*requires* a court to assess costs against all convicted defendants.") However, "despite the mandatory language *** requiring the imposition of court costs, a trial court may waive the *payment* of costs." (Emphasis in original.) *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, ¶11. Also, it is possible that, during the collection process, the clerk of courts may waive the collection of court costs for indigent defendants. See *White* at ¶14 (noting that R.C. 2929.14 was silent as to the collection of costs from indigent defendants); *State v. Rhodes*, Columbiana App. No. 06 CO 54, 2008-Ohio-1037, ¶35. The trial court has no duty to waive court costs, and R.C. 2949.092 does not provide standards for such waiver; "it is wholly permissive." *State v. Costa* (Sept. 3, 1999), Greene App. No. 99 CA 14. The defendant "must move the trial court to waive payment of costs at the time of sentencing. If the defendant makes such a motion, then he preserves the issue on an abuse-of-discretion standard." *State v. Holloman*, Cuyahoga App. No. 95896, 2011-Ohio-4236, ¶41 (affirming trial court's decision to impose court costs although defense requested they be waived). Abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶130.

{¶ 17} Even though Appellant properly filed a motion to waive costs and objected to the imposition of costs, the record does not show the court abused its discretion in awarding costs, which totaled $332. No separate affidavit of indigency was filed. The court heard arguments from Appellant's trial counsel regarding the Appellant's mental health issues preventing him from finding and maintaining employment. The court also heard from the

Appellant himself, who discussed a plan to deal with his mental health issues, finish his education, obtain and maintain employment, and get his life on the right track. Whether or not Appellant was overly optimistic about his ability to be successful, he believed he was fully capable of completing these tasks and finding and maintaining employment. After the court considered these statements and the evidence to determine the amount of restitution and imposed an amount substantially lower than the amount requested by the State, the court waived any fines. This suggests that the court considered the Appellant's ability to pay various financial sanctions. Even though this amount may be difficult for Appellant to pay, it was not set so high that it is impossible for Appellant to pay if he follows through with his plans, which is what the court took into consideration. The record indicates that the trial court took all arguments, statements, and evidence into consideration, and the court did not abuse its discretion in awarding costs. We find no potentially meritorious claim based on the imposition of costs.

{¶ 18} Having completed an independent review of the record, in addition to Appellant's potential three assignments of error, we find no non-frivolous issues for appeal.

{¶ 19} The judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Carley J. Ingram
Cary B. Bishop
Andrew M. Stutz
Hon. Dennis Adkins