[Cite as *State v. Hopkins*, 2012-Ohio-3003.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 11 MA 107 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| GREGORY HOPKINS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from County Court
                                                            No. 4, Case No. 11 TRD 2706.

JUDGMENT:                                          Affirmed.

APPEARANCES:
For Plaintiff-Appellee:                           Attorney Paul J. Gains
                                                            Prosecuting Attorney
                                                            Attorney Ralph M. Rivera
                                                            Assistant Prosecuting Attorney
                                                            21 W. Boardman St., 6th Floor
                                                            Youngstown, OH 44503


For Defendant-Appellant:                       Attorney Rhys Cartwright-Jones
                                                            42 N. Phelps Street
                                                            Youngstown, OH 44503




JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Gene Donofrio



Dated: June 21, 2012

DeGenaro, J.

{¶1}   Defendant-Appellant, Gregory Hopkins, appeals the June 22, 2011 judgment of the Mahoning County Court No. 4, convicting him of a marked lane violation and fining him accordingly, following a no contest plea.  Hopkins asserts that the trial court erred by overruling his motion to dismiss on speedy trial grounds.  Upon review, Hopkins' argument is meritless.  The speedy trial clock tolled from the date Hopkins missed his initial appearance until he entered a not guilty plea.  At most, only 26 days had run on Hopkins' speedy trial clock before he pleaded no contest on June 22, 2011.  Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶2}   On May 4, 2011, while operating a tractor trailer in Austintown Township, Hopkins was cited for a marked lane offense (R.C. 4511.33), a minor misdemeanor, following a collision with another vehicle.

{¶3}   The citation listed Hopkins' initial appearance as May 19, 2011 at 9:00 a.m.  However, on May 6, 2011 the court sent Hopkins a correction letter informing him that the date and time on the citation was incorrect, and that the correct date and time for his initial appearance would be May 18, 2011 at 9:00 a.m.  Hopkins was notified that, in lieu of appearing, he could send a check or money order for $140 as payment for the fine.

{¶4}   Hopkins did not appear in court on May 18, 2011 (or on May 19, 2011, the date listed on the citation), nor did he remit payment for the ticket.  No bench warrant was issued.

{¶5}   On June 10, 2011, the trial court received a pro-se letter from Hopkins stating that he wished to contest the citation and be assigned a court date.  This letter was filed and time-stamped by the trial court on that date, and the court construed the letter as a not guilty plea.

{¶6}   On June 14, 2011, the case was set for trial on June 22, 2011.  Meanwhile, Hopkins retained counsel.  The parties appeared for trial as scheduled, and had attempted to reach a Crim.R. 11 plea agreement, but negotiations had broken down.  Defense counsel made an oral motion to dismiss the charge, alleging a speedy trial violation.  The trial court overruled the motion, concluding that the time was tolled from

the time Hopkins failed to appear for his initial appearance until he entered his not guilty plea on June 10, 2011 pursuant to R.C. 2945.72(D). Hopkins then entered a no contest plea to the marked lanes charge. The trial court fined him $25 and imposed court costs. Originally denied by the trial court, this court granted a stay as to the fines and court costs.

## Speedy Trial

{¶7} In his sole assignment of error, Hopkins asserts:

{¶8} "The trial court erred in denying the defense's motion to dismiss for the State's failure to bring Mr. Hopkins to trial timely."

{¶9} Ohio recognizes both a constitutional and a statutory right to a speedy trial. *State v. King*, 70 Ohio St.3d 158, 161, 637 N.E.2d 903 (1994); *see, also*, Sixth Amendment, United States Constitution; Section 10, Article I, Ohio Constitution. The Sixth Amendment of the U.S. Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy [trial]." This fundamental right has been codified by the General Assembly as R.C. 2945.71 to 2945.73. The Ohio Supreme Court has held the statutory speedy-trial provisions set forth in R.C. 2945.71 to be coextensive with constitutional speedy-trial provisions. *State v. O'Brien*, 34 Ohio St.3d 7, 9, 516 N.E.2d 218 (1987).

{¶10} R.C. 2945.71 provides the time-frame for a defendant's right to a speedy trial based on the level of offense. "[A] person against whom * * * a charge of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after the person's arrest or the service of summons." R.C. 2945.71(A).

{¶11} Once the statutory limit for speedy trial has expired, the defendant has established a prima facie case for dismissal and the burden shifts to the State to demonstrate any tolling or extension of the time limit. *State v. Howard*, 7th Dist. No. 08 BE 6, 2009-Ohio-3251, ¶ 18, citing *State v. Price*, 122 Ohio App.3d 65, 68, 701 N.E.2d 41 (1997), citing *State v. Butcher*, 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368 (1986). R.C. 2945.72 provides an exclusive list of tolling events, including: "(D) [a]ny period of delay occasioned by the neglect or improper act of the accused[.]" R.C. 2945.72(D).

**{¶12}** When reviewing a speedy trial issue, this court must count the days of delay chargeable to either side and determine whether the case was tried within the time limits pursuant to R.C. 2945.71. *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 8. Our review of a trial court's decision regarding a motion to dismiss for violation of the speedy trial provisions involves a mixed question of law and fact. *State v. Brown*, 131 Ohio App.3d 387, 391, 722 N.E.2d 594 (1998). We give due deference to the trial court's findings of fact if they are supported by competent, credible evidence. *Id.* However, we independently determine whether the trial court properly applied the law to the facts of the case. *Id.* When reviewing the legal issues in a speedy trial claim, we must strictly construe the statutes against the State. *See Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996); *Brown* at 391.

**{¶13}** Here, 49 days elapsed between the day Hopkins was issued his summons on May 4, 2011 and the day he entered his no contest plea on June 22, 2011. The State correctly notes that "day one" of the speedy trial clock is actually May 5, 2011, the day after the summons was issued. *State v. Matland*, 7th Dist. No. 09 MA 115, 2010-Ohio-6585, ¶ 28 (applying R.C. 2945.72(A)). Since this is longer than the 30-day time limit prescribed in R.C. 2945.71(A), the burden shifts to the State to demonstrate any tolling or extension of the time limit.

**{¶14}** The State asserts that the speedy trial clock tolled, at minimum, from May 18, 2011, the day Hopkins failed to appear for his arraignment, until June 10, 2011, the date he entered his not guilty plea via mail.

**{¶15}** This court has held that R.C. 2945.72(D) applies to stop the speedy trial clock when a defendant fails to appear at an arraignment. *State v. Rhodes*, 7th Dist. No. 06 CO 54, 2008-Ohio-1037, ¶ 28: "Appellant failed to appear for his arraignment, and pursuant to R.C. 2945.72(D), this stopped the speedy trial clock." Similarly, in *State v. McKittrick*, 5th Dist. No. 11-CA-36, 2011-Ohio-5899, the defendant was served with a citation for OVI on March 2, 2011 and summoned to municipal court for an arraignment on March 9, 2011 but failed to appear. A bench warrant was issued and he was subsequently arrested on April 4, 2011. The Fifth District held that the defendant's failure

to appear at the March 9th arraignment tolled the calculation until his arrest on April 4, 2011 pursuant to R.C. 2945.72(D). *Id.* at ¶ 28.

**{¶16}** Hopkins argues that his speedy trial clock should not have tolled because there was never a bench warrant issued after he failed to appear on May 18, 2011. However, the trial court noted that it certainly had the power to issue a bench warrant when Hopkins failed to appear, but as a matter of policy chose not to. The court explained the following regarding the applicability of R.C. 2945.72(D) to this case:

> THE COURT: * * * [Y]ou didn't enter a plea. You never appeared on the 18th. I should have issued a warrant. I don't want to start that as a policy of this court. But if you think you're going to force my hand to do that, maybe I will. But I'm not going to start as a policy to issue warrants on minor misdemeanors for people because of their initial appearance.

**{¶17}** This policy choice does not affect the speedy trial analysis in this case. The fact that Hopkins failed to appear for his arraignment caused a delay in the proceedings due to his own neglect which tolls the speedy trial clock pursuant to R.C. 2945.72(D). Further, other courts have held that a minor misdemeanant's failure to appear at his scheduled arraignment tolls the speedy trial clock pursuant to R.C. 2945.72(D) notwithstanding the fact that no bench warrant was issued when the defendant failed to appear. *See, e.g., Boston Hts. v. Weikle*, 81 Ohio App.3d 165, 168, 610 N.E.2d 526 (9th Dist.1991).

**{¶18}** Counting the days in this case, Hopkins' speedy trial clock ran from May 5, 2011 to May 17, 2011, which totals 13 days. The clock was tolled from May 18, 2011 until June 9, 2011 due to Hopkins' failure to appear at the arraignment, pursuant to R.C. 2945.72(D). The clock began to run again on June 10, 2011, the day he entered his not guilty plea, and continued to run until June 22, 2011, the day he pleaded no contest, totaling another 13 days. Therefore, the State is correct that, at most, only 26 days had run on Hopkins' speedy trial clock before he pleaded no contest on June 22, 2011.

**{¶19}** Hopkins' sole assignment of error is meritless and the judgment of the trial

court is affirmed.

Waite, P.J., concurs.

Donofrio, J., concurs.