[Cite as *State v. Neely*, 2012-Ohio-5918.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                         :

      Plaintiff-Appellee                   :            C.A. CASE NO.    25051

v.                                                   :            T.C. NO.    09CR4042

JONATHAN V. NEELY                                    :            (Criminal appeal from
                                                               Common Pleas Court)

      Defendant-Appellant                  :

                                                           :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    14th    day of     December    , 2012.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No.0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

RUSS B. COPE, Atty. Reg. No. 0083845, 6826 Loop Rd., Dayton, Ohio 45459
        Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**    Defendant-appellant Jonathan Neely appeals a decision of the Montgomery County Court of Common Pleas ordering him to pay court costs after being re-sentenced in

Case No. 09CR4042.

{¶ 2}    We set forth the history of the case in *State v. Neely*, 2d Dist. Montgomery No. 24317, 2012-Ohio-212 (hereinafter "*Neely I*"), and repeat it herein in pertinent part:

{¶ 3}    "Neely was charged by indictment with one count of Trafficking in Crack Cocaine in an amount equaling or exceeding ten grams, but less than twenty-five grams, within the vicinity of a school or juvenile, in violation of R.C. 2925.03(A)(1), a felony of the first degree."

{¶ 4}    "Neely moved to suppress 'any and all records obtained by the State of Ohio relating to cell phone number * * * .'   Neely submitted in his motion that *State v. Smith*, 124 Ohio St.3d 163, 2009-Ohio-6426, 920 N.E.2d 949, 'forms the basis for this motion.'   His motion to suppress was heard.   Police Detective Neubauer was the sole witness.   During the hearing, Neubauer looked at, and referred to, the records obtained from Cincinnati Bell Wireless; but the records were not offered or admitted in evidence."

{¶ 5}    "The trial court overruled Neely's motion to suppress.   Thereafter, Neely entered into a plea agreement wherein he would plead no contest to the offense as charged, and he would receive a prison term within the range of four to seven years."

{¶ 6}    "At the sentencing hearing, Neely was sentenced to a mandatory term of five years, with five years of post-release control, and a three-year driver's license suspension. He was found to be indigent, and the trial court did not impose a fine.   No mention was made concerning court costs.   Neely's sentencing entry was consistent with the foregoing; except that, he was ordered to pay court costs."

{¶ 7}    Upon appeal in *Neely I*, we found that the trial court erred when it did not inform Neely, at the sentencing hearing, of its intention to order him to pay court costs, but

nevertheless, ordered him to pay court costs in the judgment entry of conviction. Neely argued, and the State conceded, that he was prejudiced by the trial court's failure to advise him of its intention to order him to pay court costs, because he was deprived of the opportunity to argue in favor of the trial court's exercising its discretion to waive court costs.

{¶ 8} Accordingly, we reversed the trial court's order that Neely pay court costs, and we remanded the matter to the trial court for a hearing on the issue of court costs. In all other respects, we affirmed the judgment of the trial court.

{¶ 9} On February 8, 2012, the trial court held a hearing it mistakenly characterized as a re-sentencing hearing, despite the fact that we had specifically remanded the case for hearing solely on the issue of whether court costs should be imposed. In fact, the trial court incorrectly stated on the record that we remanded the case for the trial court "to inform you [Neely] that you've been ordered to pay the court costs." This is a complete misreading of our holding in *Neely I* insofar as we remanded the case *for a hearing in order to determine whether court costs should be imposed*.

{¶ 10} Nothing in the record establishes that Neely's trial counsel or his appellate counsel from *Neely I* were notified of an impending hearing and neither was present when the court re-sentenced Neely. Thus, Neely was initially unrepresented by counsel at the "re-sentencing" hearing. The trial court permitted the Public Defender who was merely present in the courtroom at the time of the hearing to represent Neely during the hearing. The Public Defender informed the trial court that he had no prior knowledge of the case, but he nevertheless, agreed to represent Neely at the hearing. The trial court noted that Neely filed an affidavit of indigency prior to his initial conviction and sentence in *Neely I*, and the

court, in fact, found Neely to be indigent. We also note that Neely was not allowed to directly address the trial court on the issue of imposition of court costs. The trial court proceeded to re-sentence Neely to the same sentence originally imposed in *Neely I* and additionally ordered him to pay court costs.

{¶ 11}   It is from this judgment that Neely now appeals.

{¶ 12}   Because they are interrelated, Neely's first and second assignments of error will be discussed together as follows:

{¶ 13}   "IN FAILING TO NOTIFY APPELLANT'S TRIAL COUNSEL OR APPELLATE COUNSEL OF APPELLANT'S HEARING ON REMAND THEREBY DEPRIVING APPELLANT OF THE EFFECTIVE ASSISTANCE OF COUNSEL."

{¶ 14}   "WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT ALLOWING APPELLANT NEELY TO BE HEARD ON THE ISSUE OF COURT COSTS."

{¶ 15}   Initially, we note that the trial court completely misconstrued our decision to remand the case in *Neely I*. The remand was not merely for the trial court to re-impose court costs, but rather, for Neely to be provided an opportunity to argue that he should not be subject to court costs based on his indigent status. Not only was Neely not provided the opportunity to be heard on the issue of court costs, but he was also represented at the "hearing" by the Public Defender who admittedly had no prior knowledge of the case and was clearly unable to represent Neely in an effective manner. We would discourage the trial court from using the Public Defender in such a fashion, placing counsel in a difficult, uninformed position while denying the defendant the effective assistance of counsel.

{¶ 16} Court costs are governed by R.C. 2947.23. However, R.C. 2949.092 outlines those circumstances in which a court may waive costs for indigents. R.C. 2949.092 permits a court to waive payment of specific court costs required by R.C. 2743.70 and 2949.091 only if "the court determines that the offender is indigent and the court waives the payment of all court costs imposed upon the offender." *State v. White,* 103 Ohio St.3d 580, 2004-Ohio-5989*,* 817 N.E.2d 393, fn. 1. Because Neely was indeed found to be indigent by the trial court and pursuant to App. R. 12(A), we hereby reverse and vacate the trial court's imposition of court costs in the instant case.

{¶ 17} In the instant case, the trial court misinterpreted our order on remand that Neely be provided a hearing where he be allowed to adduce evidence and to support his argument that he not be required to pay court costs. Instead, the trial court misunderstood our holding in *Neely I* as a direct order to impose court costs on the record. The Public Defender had no prior knowledge of Neely's case and was totally unprepared to represent him at the hearing. Furthermore, the trial court specifically found that Neely was indigent, a fact borne out by the pre-sentence report and affidavit filed by trial counsel on November 1, 2010. Finally, the record establishes that the trial court denied Neely the opportunity to directly address the court regarding his request for waiver of court costs.

{¶ 18} Neely's first and second assignments of error are hereby sustained.

{¶ 19} Both of Neely's assignments of error having been sustained, the judgment of the trial court regarding the imposition of court costs is reversed and vacated. In all other respects, Neely's conviction and sentence is affirmed.

. . . . . . . . . .

FAIN, J., concurs.

FROELICH, J., dissenting in judgment:

{¶ 20} R.C. 2947.23 requires that the court "include in the sentence the costs of prosecution * * *." The trial court is not required to consider defendant's present and future ability to pay before imposing court costs since court costs are not a financial sanction requiring ability-to-pay analysis. *State v. Lux*, 2d Dist. Miami No. 2010-CA-30, 2012-Ohio-112, ¶ 45. However, "a trial court may waive the *payment* of costs." (Emphasis in original.) *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 11.

{¶ 21} "The trial court has no duty to waive court costs, and R.C. 2949.092 does not provide standards for such waiver; 'it is wholly permissive.'" *State v. Stutz*, 2d Dist. Montgomery No. 24489, 2011-Ohio-5210, ¶ 16, citing *State v. Costa*, 2d Dist. Greene No. 99 CA 14, 1999 WL 957647 (Sept. 3, 1999).

{¶ 22} I agree that the Appellant should have been given the opportunity to be heard more fully, and with his own counsel, regarding the imposition of costs. I would again remand the case to the trial court for such a complete, counseled opportunity.

. . . . . . . . . .

Copies mailed to:

Michele D. Phipps
Russ B. Cope
Hon. Dennis J. Adkins