CITY OF CLEVELAND, Appellee,

v.

WALTERS, Appellant.

[Cite as *Cleveland v. Walters* (1994), 98 Ohio App.3d 165.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 66999.

Decided Oct. 24, 1994.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecutor, and *Edward R. Larue,* Assistant County Prosecutor, for appellee.

*David L. Doughten,* for appellant.

DAVID T. MATIA, Judge.

Michael Walters, defendant-appellant, was initially indicted for menacing by stalking in violation of R.C. 2903.211. The appeal stems from his plea of no contest to a reduced charge of menacing in violation of Cleveland Municipal Code 621.07. Appellant argues the "stalking statute" is unconstitutionally overbroad and vague and that the trial court erred in granting a mistrial that was not required by manifest necessity.

Appellant's appeal is well taken.

## I. STATEMENT OF FACTS

In September 1992, Michael Walters began a relationship with Christine Brogan. In October of that year they moved in together and became engaged to be married. The two lived together until September 1993. Although Brogan claims she attempted to break off their relationship in September, the two attended a sporting event on the first weekend of October. Up until October 7, the two maintained sexual relations.

On October 8, Brogan told Walters she did not want to see him anymore. Unbeknownst to appellant, Brogan had been involved with another man since May 1993. Beginning on October 8 and lasting until October 30, appellant made several attempts to speak to Brogan about their relationship.

Walters frequently attempted to see Brogan at her residence and at work. On one occasion, appellant put balloons outside her car and a card in the passenger seat while Brogan was at the doctor's office with her child. Brogan filed a police report after this incident.

Also, appellant telephoned her on numerous occasions at home and at work prompting Brogan to change her home telephone number. On October 29, 1993, Walters was warned by the police to stay away from Brogan. The final incident occurred at a Halloween party the following night held by a singles club to which the appellant belonged. Brogan claimed the appellant followed her to the party while appellant stated they merely ran into each other.

On November 2, 1993, a complaint was filed in Cuyahoga County Municipal Court charging Walters with menacing by stalking pursuant to R.C. 2903.211. Appellant pleaded not guilty, claiming he only acted in this manner in an attempt to win back her love. Appellant twice filed a motion to dismiss, arguing the wording of R.C. 2903.211 was unconstitutionally overbroad and vague. Both motions were denied.

A jury trial began of February 3, 1994. On February 4, the jury had reached its verdict. The following exchange occurred between the court and Mr. Thornton, the selected foreperson:

"THE COURT: Did you arrive at a verdict in this case?

"MR. THORNTON: Yes we did.

"THE COURT: Did you write your verdict findings on the verdict slip?

"MR. THORNTON: No.

"THE COURT: The slip is not filled out yet? You can't show it to us yet.

"MR. THORNTON: Everybody just signed their names.

"THE COURT: Would you give that to the bailiff[?] Mr. Doughten, do you want to stand with your client and face the jury[?] Give him the form, please.

"THE BAILIFF: Case No. 025948, City of Cleveland versus Michael Walters. We the jury in this case, being duly impaneled and sworn to find the defendant guilty of menacing by Stalking as charged in the complaint.

"THE JURY: That's not the right one.

"THE COURT: Wait a second. Do you want to step forward, counselors?

"May we see the other form please?

" * * *

"(Thereupon, a discussion was had between Court and counsel out of the hearing of the jury and off the record.)

" * * *

"THE COURT: Ladies and gentlemen, apparently there has been a mistake made by your reaction. The attorney for the defense has requested that we poll the jury. * * *"

Upon polling the jury it was revealed the jury unanimously found the defendant not guilty of menacing by stalking. The trial judge, over the objection of defense counsel, called a mistrial based on the fact that the deliberation process had been compromised.

On February 10, 1994, Walters pled no contest to a reduced charge of menacing in violation of Cleveland Municipal Code 621.07. Appellant was placed on probation for one year and ordered to pay $250 and costs. Appellant timely files this appeal.

## II. FIRST ASSIGNMENT OF ERROR

Walters argues in his first assignment of error:

"The trial court abused its discretion in declaring a mistrial after a poll of the jury revealed that their verdict was not guilty."

### A. ISSUE RAISED: WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING A MISTRIAL

Appellant argues the trial court improperly granted a mistrial. Specifically, appellant argues not only does R.C. 2945.77 mandate the trial court to order further deliberations by the jury in this situation, but also that contrary to the trial court's assertions, a manifest necessity to declare a mistrial did not exist.

Walters' first assignment of error is well taken.

### B. STANDARD OF REVIEW: ABUSE OF DISCRETION

The decision to grant or deny a motion for mistrial is within the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343. It is well settled that a trial court may grant a mistrial *sua sponte* or on motion by the parties when "there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." *State v. Abboud* (1983), 13 Ohio App.3d 62, 13 OBR 66, 468 N.E.2d 155, quoting *United States v. Perez* (1824) 22 U.S. 579, 6 L.Ed. 165; *State v. Rotary* (Jan. 25, 1990), Cuyahoga App. No. 56499, unreported, 1990 WL 4471.

An appellate court will not reverse a trial court's decision to grant a mistrial absent an abuse of discretion. The term "abuse of discretion" connotes more than error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

## C. THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING A MISTRIAL

As previously stated, after discovering the jury had failed to properly complete the verdict form, the trial judge ordered the verdict to be read in open court. Upon hearing a guilty verdict, the jury informed the trial judge that the wrong verdict had been delivered and that they had unanimously found Michael Walters, defendant-appellant, not guilty of menacing by stalking. The trial court, after stating the attorney for the defense had requested a poll of the jury, confirmed the unanimous decision of the jury.

The trial court then declared a mistrial based upon manifest necessity, *i.e.*, the deliberation process had been compromised. The exchange between defense counsel and the trial judge was as follows:

"THE COURT: What is it you wanted to say?

"MR. DOUGHTEN: I wanted the jury polled. It's apparent their verdict is not guilty. All eight of them agreed it's not guilty, and I want to have it on the record.

"I think it is not appropriate for the Court to declare a mistrial. It is appropriate for them to go back and come back with the proper verdict.

"THE COURT: That isn't what they indicated on their slip. Apparently counselor, to preserve the deliberation process it is required that none of us be aware of what their actions are during the process, during deliberations.

"If you recall when he read the verdict, everybody yelled out. Based on that, you knew that it should be not guilty and the process was compromised. Therefore we will try it again."

Crim.R. 31(D), which deals with the polling of a jury after the receipt of the verdict, provides:

"Poll of Jury. When a verdict is returned and before it is accepted the jury shall be polled at the request of any party or upon the court's own motion. If upon the poll there is not unanimous concurrence, the jury may be directed to retire for further deliberation or may be discharged."

Additionally, R.C. 2945.77, provides:

"Before the verdict is accepted, the jury may be polled at the request of either the prosecuting attorney or the defendant. If one of the jurors upon being polled declare that said verdict is not his verdict, the jury must further deliberate upon the case."

In the case *sub judice*, there was a unanimous concurrence by all jurors polled that the defendant was not guilty. Furthermore, when polled, each individual

juror declared the verdict read was not his/her verdict. As such, we find R.C. 2945.77 mandates the trial court send the jury back for further deliberations. See *State v. Green* (1990), 67 Ohio App.3d 72, 585 N.E.2d 990.

We also find the jury's verbal response to the trial court indicating their unanimous decision in open court does not arise to the "manifest" and/or "high degree" of necessity required to, in this case, justify a mistrial. See *State v. Widner* (1981), 68 Ohio St.2d 188, 22 O.O.3d 430, 429 N.E.2d 1065. We hold that in such a situation, the reasonable course of action for the trial court is to direct the jury to resolve the apparent clerical/procedural error.

Additionally, we note the trial court was informed the verdict sheet was not in complete form. Yet the trial court proceeded to read the incomplete form provoking the jury's reaction and ultimately providing the grounds upon which the trial court based the mistrial. For the above-stated reasons, we hold the trial court abused its discretion in declaring a mistrial.

Defendant-appellant's first assignment of error is well taken.

### III. SECOND AND THIRD ASSIGNMENT OF ERROR

Since defendant-appellant's second and third assignments of error have common issues of law and fact we will address them concurrently.

Appellant's second assignment of error states:

"R.C. 2903.211 is unconstitutionally vague."

His third assignment of error states:

"Ohio Revised Code 2903.211 is unconstitutionally overbroad."

Due to our disposition of defendant-appellant's first assignment of error, we find no basis to rule upon the constitutionality of R.C. 2903.211. App.R. 12(A)(1)(c). Having so concluded, the judgment of the trial court is reversed.

Judgment of acquittal entered on behalf of appellant.

*Judgment reversed*
*and defendant discharged.*

SPELLACY, P.J., and NUGENT, J., concur.