The STATE of Ohio, Appellee,

v.

JONES, Appellant.

[Cite as *State v. Jones* (1996), 115 Ohio App.3d 204.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 93 C.A. 18.

Decided Nov. 15, 1996.

*James A. Philomena,* Mahoning County Prosecuting Attorney, and *Michele G. Cerni,* Assistant Prosecuting Attorney, for appellee.

*Albert A. Palombaro,* for appellant.

Cox, Judge.

This matter presents a timely appeal from a jury verdict and judgment entered upon the verdict by the Mahoning County Common Pleas Court, finding defendant-appellant, Ernest Jones, guilty on one count of felonious assault in violation of R.C. 2903.11(A)(2)(B) and two counts of aggravated robbery in violation of R.C. 2925.11(B)(1)(b), along with firearm and prior conviction specifications on all counts, and his subsequent sentencing thereon.

On March 6, 1992, the victims traveled to Atway's in Youngstown, Ohio, apparently to purchase cigarettes with food stamps. This location was known to be a high crime and drug area. Appellee, state of Ohio, alleges that upon leaving the store and returning to his vehicle, one victim, Greg Colaluca, was approached by appellant, who was carrying a gun, and asked for money. Apparently, appellant had been friends with this victim prior to this incident. When the victim ran back towards the store, appellant shot him and then turned to the remaining passengers in the vehicle and demanded money from them.

Appellant was indicted by the Mahoning County Grand Jury on one count of felonious assault and three counts of aggravated robbery, along with firearm and prior conviction specifications on each count. This matter proceeded to jury trial on January 6, 1993, and following deliberation, the jury found appellant guilty of felonious assault and guilty on two of the three counts of aggravated robbery. Appellant was also found guilty with regard to the firearm and prior conviction specifications.

Appellant was sentenced to an indefinite incarceration term of not less than eight years nor more than fifteen years, with eight years' actual incarceration, for felonious assault. He was further sentenced to an indefinite incarceration term of not less than ten years nor more than twenty-five years, with ten years' actual incarceration, for each of the aggravated robbery convictions. These sentences were ordered to run concurrently. With regard to sentencing on the firearm specifications, since the crimes were committed as part of the same act or transaction, appellant was sentenced to only one three-year term of actual incarceration. This appeal followed.

Appellant sets forth two assignments of error on appeal.

Appellant's first assignment of error alleges:

"The trial court committed plain error in not ordering a mistrial despite the fact that no mistrial was requested by trial counsel after experienced police detective testified that defendant-appellant had a prior record."

Appellant takes exception to the following exchange which took place during the trial between the prosecuting attorney and Sergeant Santillo, the Youngstown police officer who was assigned to investigate the alleged crimes:

"Q. And at the time of the contact would you tell us what you did with each one of those 3 people that I have mentioned?

"A. I interviewed all 3 people separately and took a written statement from each one of them. Mr. Colaluca knows the defendant personally. Had known him for approximately one year. And Mr. Colaluca gave me the defendant's name. The defendant had a prior record and a photo."

Defense counsel objected to Sergeant Santillo's remarks, and the objection was sustained by the trial court, which then instructed the jury to disregard the remarks. The trial court did not explain or give a cautionary instruction to the jury. Appellant complains that Sergeant Santillo's testimony came at the end of appellee's case-in-chief, and although testimony elicited from appellee's other witnesses established that he was a drug user and frequently used drugs with the one victim, Greg Colaluca, that did not permit an open season on him with regard to bad character or act testimony.

Appellant argues that since Sergeant Santillo had been a police officer for twenty-two years, he was accustomed to testifying in court, was very familiar with the rules of evidence and was experienced enough to recognize a defense counsel's trial strategy. Appellant also points out that Sergeant Santillo was present in the courtroom during the testimony which preceded his. Appellant cites *State v. Reynolds* (1988), 49 Ohio App.3d 27, 33, 550 N.E.2d 490, 497, wherein the court held:

"A mistrial should not be ordered in a criminal case merely because some error or irregularity has intervened, unless the substantial rights of the accused or the prosecution are adversely affected; this determination is made at the discretion of the trial court."

Appellant maintains that he was highly prejudiced by Sergeant Santillo's remarks concerning his prior record since he did not testify to or place his character at issue with regard to prior convictions. Appellant also points out that one of his witnesses, who was present during the commission of the alleged crimes, testified that he was not the perpetrator.

Appellant submits that the trial court's error in this regard was not harmless beyond a reasonable doubt given the circumstances. Appellant also refers to Evid.R. 103(D), which provides for taking notice of plain errors which affect substantial rights, even when such errors were not brought to the attention of the trial court. Appellant states that the error of which he complains was apparent on the face of the record and was extremely prejudicial to him. Given the circumstances, appellant believes that even though his defense counsel failed to request a mistrial, it was within the trial court's discretion to declare a mistrial and it erred by failing to do so on its own accord.

■ The granting of a mistrial rests within the sound discretion of the trial court as it is in the best position to determine whether the situation at hand warrants such action. *State v. Glover* (1988), 35 Ohio St.3d 18, 517 N.E.2d 900.

■ In the case at bar, any error arising from Sergeant Santillo's comment regarding appellant's prior record was harmless in view of the testimony presented concerning appellant's drug use and given the fact that no particular previous crime was cited. The parties cannot speculate as to what the jury could or could not infer from the comment, and, as the Ohio Supreme Court stated in *State v. Loza* (1994), 71 Ohio St.3d 61, 79, 641 N.E.2d 1082, 1102–1103, "it is presumed that the jury will follow the instructions given to it by the judge." The record reflects that the trial court admonished the jury to disregard Sergeant Santillo's comment, and, therefore, we must assume that the jury did so.

Appellant has failed to demonstrate to this court how Sergeant Santillo's comment prejudiced him or affected his substantial rights. We find that there

was sufficient evidence presented to find appellant guilty of the crimes as charged. Given the totality of the circumstances, the trial court did not abuse its discretion in failing to order a mistrial in the case at bar.

Appellant's first assignment of error is found to be without merit.

Appellant's second assignment of error alleges:

"Trial counsel's failure to request a mistrial amounts to ineffective assistance of counsel when trial court's failure to order a mistrial is not plain error."

The benchmark for judging a claim of ineffective assistance of counsel is whether trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

To prevail on a claim of ineffective assistance of counsel, appellant must show that (1) trial counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for trial counsel's unprofessional errors, the result of the proceeding would have been different, when considering the totality of the evidence that was before the trial court. *Id.*

■ Appellant submits that his trial counsel's failure to request a mistrial after the trial court sustained his objection to the prejudicial statements made by Sergeant Santillo meets the two-prong test set forth in *Strickland, supra.* Therefore, appellant concludes that he was denied effective assistance of counsel.

Since the reference to appellant's prior record did not rise to the level of plain error under the circumstances of this case, the trial court acted properly in not declaring a mistrial, and, therefore, there is no basis to claim that appellant's trial counsel acted ineffectively in failing to seek a mistrial.

Appellant has failed to show that he was prejudiced by Sergeant Santillo's remarks and has failed to show that he was prejudiced by his trial counsel's representation of him. Appellant has not met the two-prong test set forth in *Strickland, supra.*

Appellant's second assignment of error is found to be without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JOSEPH E. O'NEILL, P.J., and GENE DONOFRIO, J., concur.