OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Joshua R. Shaffer appeals his conviction and sentence in the Mansfield Municipal Court on one count of Failure to Control, a minor misdemeanor, in violation of R.C. 4511.202, and one count of Stopping After an Accident Involving Injury to Property, a misdemeanor of the first degree, in violation of R.C. 4540.021.
 {¶ 2} On April 18, 2002, Darrel Harless was mowing his front lawn. His wife, Virginia Harless was inside the home vacuuming and listening to music. As he turned the corner from the front yard to the back yard, Mr. Harless observed a blue, older pickup truck backing out of his back yard, right about where the chain linked fence starts on his property. Mr. Harless turned off his lawn mower and began jogging toward the truck. At this time, Mr. Harless observed that the fence was damaged. The truck did not stop or slow down. Mr. Harless yelled to his wife to write down the license number and color of the truck. After he and his wife examined the fence, Mr. Harless jotted down a description of the truck and the driver of the truck. (T. at 28). Photographs of the yard and the fence were taken by Mrs. Harless. The couple called the Ohio State Highway Patrol to report the incident at approximately 2:05 p.m.
 {¶ 3} Trooper James Thompson arrived at the Harless residence around 3:47 p.m. The trooper took photographs and a report from the Harless'. The trooper ran a check on the license plate number he had been given by the Harless'. The plate came back to a blue Ford pickup truck owned by appellant.
 {¶ 4} On April 18, 2002, appellant was a student at Madison High School. The school's parking lot abuts the residence of the Harless'. Appellant testified that his last class ended at 2:05 p.m. After speaking with a teacher and some friends and then going to his locker, he proceeded to his truck in the parking lot. Due to the age and mechanical problems with the vehicle, appellant testified that it generally takes him ten to fifteen minutes to get the engine started. (T. at 126). Appellant admitted driving past the Harless residence and seeing Mr. Harless, but denied any involvement in the accident. Two employees for the school district testified that they observed damage to the fence prior to 2:00 p.m.
 {¶ 5} A jury trial was held in the Mansfield Municipal Court on October 29, and 30, 2002. The jury found the appellant guilty of failure to stop after an accident involving damage to realty. The trial court found the appellant guilty of failure to control. The court deferred sentencing and ordered a pre-sentence investigation report.
 {¶ 6} On November 14, 2003, the trial court held a sentencing hearing. The court sentenced the appellant to sixty days in jail and a fine of $50.00 for failure to stop after an accident involving damage to property and fined the appellant $50.00 on the failure to control charge. The trial court suspended all sixty days of the jail sentence.
 {¶ 7} Appellant timely appealed. Appellant assigns three errors to the trial court:
 I {¶ 8} "Defendant's sixth amendment rights were denied due to ineffective assistance of his trial counsel.
 II {¶ 9} "The trial court committed plain error for failing to declare a mistrial due to prosecutorial misconduct which denied defendant/appellant of a fair trial.
 III {¶ 10} "The defendant/appellant was denied due process due to prosecutorial misconduct."
 I, II III {¶ 11} Each of appellant's three assignments of error are interrelated and center primarily upon certain statements made by the investigating officer on direct and cross-examination during appellant's trial. Because we find the assignments of error center upon related claims, we will address the assignments collectively.
 {¶ 12} In his first assignment of error appellant alleges he was denied effective assistance of counsel due to counsel's failure to object and failure to move for a mistrial or curative instruction with respect to certain testimony of the investigating officer. In his second assignment of error the appellant argues the trial court erred by not sua sponte declaring a mistrial due to misconduct on the part of the prosecutor. In his third assignment of error appellant argues that he was denied a fair trial and due process of law due to the misconduct of the prosecutor.
 {¶ 13} On direct examination the investigating officer testified that appellant's mother called and left a message that an attorney advised appellant not to speak to the officer concerning the hit-skip allegations. (T. at 79). No objection was made to this testimony. The officer further testified that appellant, after initially agreeing to meet with the officer to discuss the case, failed to appear for his scheduled appointment. (T. at 73). The trial court sustained defense counsel's objection and advised the prosecutor to instruct his witness not to mention the appellant's unwillingness to speak to the officer or to keep his appointment. (T. at 73-78). No requests for a curative instruction or a mistrial were made by defense counsel. Thereafter, on cross-examination the following exchange occurred: "Q. Yes. I apologize. The total and only basis for your opinion that Mr. Shaffer is the one that caused this accident and hit Mr. Harless' fence is information Mr. Harless provided to you? A. Initially, yes. Q. What kind of subsequent investigation led you to believe that this was more true? A. Mr. Shaffer's mother calling down and refusing to talk about the accident." (T. at 89). No request for a mistrial was made by defense counsel.
 {¶ 14} Appellant argues that this was an impermissible comment upon appellant's right to remain silent. Appellant further argues that the officer's deliberate disregard of the trial court's ruling that he not mention the refusal of appellant to speak with him warranted the declaration of a mistrial and denied him due process. Appellee argues that comments were admissible because the officer was testifying to the course of his investigation of the hit-skip accident.
 {¶ 15} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry in whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838, 122 L.Ed.2d 180; Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley
(1989), 42 Ohio St.3d 136.
 {¶ 16} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley,42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id. In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.Bradley, supra, at syllabus, paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
 {¶ 17} The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. State v. Lott (1990),51 Ohio St.3d 160, 165, 555 N.E.2d 293. In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the context of the entire trial. Dardenv. Wainwright (1986), 477 U.S. 168, 106 S.Ct. 2464,91 L.Ed.2d 144.
 {¶ 18} In reviewing a claim that a mistrial should have been granted, the Ohio Supreme Court has noted "[t]his court has instead adopted an approach which grants great deference to the trial court's discretion in this area, in recognition of the fact that the trial judge is in the best position to determine whether the situation in his courtroom warrants the declaration of a mistrial. [State v.] Widner [(1981), 68 Ohio St.2d 188,429 N.E.2d 1065] , supra. See, also, Wade v. Hunter (1949),336 U.S. 684, 687, 69 S.Ct. 834, 836, 93 L.Ed. 974. In examining the trial judge's exercise of discretion in declaring a mistrial, a balancing test is utilized, in which the defendant's right to have the charges decided by a particular tribunal is weighed against society's interest in the efficient dispatch of justice.State v. Calhoun (1985), 18 Ohio St.3d 373, 376, 18 OBR 429, 432, 481 N.E.2d 624, 627; United States v. Scott (1978),437 U.S. 82, 92, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65." State v.Glover (1988), 35 Ohio St.3d 18, 19, 517 N.E.2d 900, 902. "Mistrials need be declared only when the ends of justice so require and a fair trial is no longer possible. Illinois v.Somerville (1973), 410 U.S. 458, 462-463, 93 S.Ct. 1066,1069-1070, 35 L.Ed.2d 425, 429-430; Arizona v. Washington
(1978), 434 U.S. 497, 505-506, 98 S.Ct. 824, 830-831,54 L.Ed.2d 717, 728-729." State v. Franklin (1991), 62 Ohio St.3d 118,127, 580 N.E.2d 1, 9. "A trial court may grant a mistrial sua sponte when there is manifest necessity for the mistrial or when `the ends of public justice would otherwise be defeated.' Cleveland v. Walters (1994), 98 Ohio App.3d 165, 168,648 N.E.2d 37. If no motion for a mistrial is requested at trial, the failure to grant a mistrial sua sponte is judged under a plain error standard. State v. Jones (1996), 115 Ohio App.3d 204, 207,684 N.E.2d 1304. Under this standard, the error is deemed waived unless the outcome of the trial would have been different, but for the error. State v. Wickline (1990), 50 Ohio St.3d 114,119-120, 552 N.E.2d 913. A court should only take notice of plain error under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Landrum (1990),53 Ohio St.3d 107, 111, 559 N.E.2d 710; State v. Carpenter (1996),116 Ohio App.3d 615, 621, 688 N.E.2d 1090." State v. Howard,
2nd District No. 18884, 2002-Ohio-2928 at *3. "The trial court has the discretion to determine whether `a reference in the testimony to a forbidden subject merits the extreme remedy of a mistrial.' State v. Jones (1992), 83 Ohio App.3d 723, 737,615 N.E.2d 713, citing State v. Reynolds (1988), 49 Ohio App.3d 27,33, 550 N.E.2d 490." Id.
 {¶ 19} During the appeal of the case at bar, the Ohio Supreme Court has held "that use of a defendant's pre-arrest silence as substantive evidence of guilt violates the Fifth Amendment privilege against self-incrimination." State v. Leach (2004),102 Ohio St.3d 135, 2004-Ohio-2147. In Leach the prosecutor presented evidence that the appellant agreed to talk to the police, makes an appointment, but then calls back and says he wants an attorney. Id. at ¶ 4. The court noted: "[h]owever, we do not find the testimony that Leach stated that he wanted to speak with an attorney before speaking with police to be a statement explaining the course of the investigation. The information was not material to the jury's determination of guilt or innocence. Rather, the state now concedes that it intended to lead the jury to one conclusion by using evidence of Leach's pre-arrest silence in its case-in-chief: that innocent people speak to police to clear up misunderstandings, while guilty people consult with their attorneys." Id. at ¶ 32. The court found reversible error because "[t]he introduction of this evidence was not inadvertent. In its opening statement, the state mentioned that Leach had refused to speak with law enforcement without an attorney. Later, the state introduced testimony regarding his pre-arrest, pre-Miranda invocation of his right to counsel when the prosecutor commented that after agreeing to meet with the police, Leach called back and said that he "wanted an attorney." Still later, the state highlighted the evidence again in Sergeant Corbett's testimony." Id. at ¶ 32. The court reversed the conviction "[b]ecause the evidence of guilt was not overwhelming in this case; the admission of defendant's pre-arrest, pre-Miranda silence was clearly prejudicial." Id. at ¶ 38.
 {¶ 20} In light of the Supreme Court's decision in Leach,
supra the testimony that appellant's mother called back and stated an attorney advised appellant not to speak with the police and that the appellant failed to appear for an appointment to speak to the police were error.
 {¶ 21} The evidence in the case at bar was not overwhelming. Essentially it was the word of appellant and his witnesses versus the property owner who did not see the vehicle strike his fence. (T. at 41). No physical evidence was presented to link appellant to the accident. (T. at 83-85; 89). The officer's response on cross-examination clearly was that in his opinion appellant was guilty because he refused to talk to the police and had consulted an attorney. (Id. at 89). The officer had been advised to avoid this area of comment. (Id. at 77). Under the facts of this case the evidence of guilt was not overwhelming; therefore the admission of defendant's pre-arrest, pre-Miranda silence was clearly prejudicial.
 {¶ 22} Accordingly, appellant's three assignments of error are sustained.
 {¶ 23} For the foregoing reasons, the judgment of the Mansfield Municipal Court, Richland County, Ohio, is reversed and remanded, and this case is remanded for further proceedings consistent with this opinion.
By Gwin, P.J., Wise, J., and Edwards, J., concur.
 {¶ 24} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mansfield Municipal Court, Ohio, is reversed and the case is remanded to the trial court for proceedings consistent with this opinion. Costs to appellee.