[Cite as *State v. Ramey*, 2013-Ohio-665.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
|     Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| -vs- | Case No. 12 CAC 06 0034 |
| CARLA M. RAMEY | |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Delaware Municipal Court,
Case No. 12 CRB 00226

JUDGMENT:        Affirmed

DATE OF JUDGMENT ENTRY:      February 25, 2013

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

ELIZABETH A. MATHUNE        JOHN R. CORNELY
Assistant Prosecuting Attorney    21 Middle Street
Delaware City Prosecutor       P.O. Box 248
70 North Union Street        Galena, Ohio 43021-0248
Delaware, Ohio 43015

*Hoffman, J.*

{¶1} Defendant-appellant Carla M. Ramey appeals her conviction for theft entered by the Delaware Municipal Court. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} At all times relevant herein, Appellant was an independent contractor providing services for SFT Medical Billing Company. In late December of 2011, Appellant ceased affiliation with SFT, and cleaned out her desk. Among the items taken from the desk were note cards on a ring which Appellant used while at SFT. Appellant had transferred information onto the note cards, including password and login names for various insurance companies for which SFT provided billing information. Appellant claims to have purchased the cards with her own funds, and to have kept them in a locked drawer at her desk with other personal property.

{¶3} Regina Owens, the owner of SFT Medical Billing, contacted Appellant asking her to return the note cards with the information. Appellant initially denied taking the cards, but later returned a few cards. Appellant did not return all of the note cards.

{¶4} On February 7, 2012, Appellant was charged with one count of theft, in violation of R.C. 2913.02(A)(1). Following a jury trial, Appellant was found guilty of the charge, and sentenced to a suspended prison term in lieu of: a fine of $250.00, suspended should Appellant pay the fine in full by August 14, 2012, make restitution of $5.00, perform 100 hours of community service and probation.

{¶5} Appellant now appeals, assigning as error:

{¶6} "I. THE MISCONDUCT OF THE ASSISTANT PROSECUTING ATTORNEY IN COMMENTING ON APPELLANT'S PRE-ARREST SILENCE

VIOLATED APPELLANT'S RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶7}    "II. THE EVIDENCE WAS INSUFFICIENT TO CONVICT APPELLANT OF THEFT."

I.

{¶8}    In the first assignment of error, Appellant maintains the state's comment on Appellant's prearrest silence amounted to prosecutorial misconduct.

{¶9}    The following statement was made by the Assistant Prosecuting Attorney during opening statement:

{¶10}    "***Until finally Regina is going to tell you she was pressured.  She didn't know what to do so she called the Sheriff's office.  They came in and they started an investigation and the deputy called Carla, the Defendant, in front of Regina and the two of them sat there and listened to the Defendant give a couple of different stories and finally she said, I don't have them; no, I have them; I don't have them anymore and then she agreed to come into the Sheriff's office and she did.

{¶11}    "And you're going to hear from several people that she turned in three cards to the Sheriff's office.  There's going to be a couple of problems with that, folks, and that is, first of all by turning those in, she admitted that she had something in her possession.  The second is that Regina is going to tell you that it doesn't even really look like these are the originals.  She'll explain to you why, but there's reason to believe these are recreations.  So not only do we have the Defendant turning in property to the Sheriff's office that she's saying is the property that she previously denied that she had.

But you're also going to hear that there's reason to believe that she actually was substituting that and presenting false information then to the Sheriff's office.

{¶12} "They attempted to talk to her again, she declined any further interviews with them and so - -"

{¶13} Tr. at 81.

{¶14} Following objection by Appellant to the remarks, the trial court offered the following limiting instruction,

{¶15} "The Court: I just want to instruct you you're not to consider any reference to any evidence or suggestion that the Defendant chose or didn't make a statement to the police.  All right. You may proceed."

{¶16} Tr. at 83.

{¶17} The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper, and, if so, whether those comments and remarks prejudicially affected the substantial rights of the accused.  *State v. Lott*, 51 Ohio St.3d 160 (1990).  In reviewing allegations of prosecutorial misconduct, this Court must consider the complained of conduct in the context of the entire trial.  *Darden v. Wainwright*, 477 U.S. 168, 106 S.Ct. 2464 (1986).

{¶18} In *State v. Shaffer*, Richland App. No. 2003-CA-0108, 2004-Ohio-3717, this Court held,

{¶19} "During the appeal of the case at bar, the Ohio Supreme Court has held 'that use of a defendant's pre-arrest silence as substantive evidence of guilt violates the Fifth Amendment privilege against self-incrimination.' *State v. Leach* (2004), 102 Ohio St.3d 135, 807 N.E.2d 335, 2004–Ohio–2147. In *Leach* the prosecutor presented

evidence that the appellant agreed to talk to the police, makes an appointment, but then calls back and says he wants an attorney. *Id.* at ¶ 4, 807 N.E.2d 335. The court noted: '[h]owever, we do not find the testimony that Leach stated that he wanted to speak with an attorney before speaking with police to be a statement explaining the course of the investigation. The information was not material to the jury's determination of guilt or innocence. Rather, the state now concedes that it intended to lead the jury to one conclusion by using evidence of Leach's pre-arrest silence in its case-in-chief: that innocent people speak to police to clear up misunderstandings, while guilty people consult with their attorneys.' *Id.* at ¶ 32, 807 N.E.2d 335. The court found reversible error because '[t]he introduction of this evidence was not inadvertent. In its opening statement, the state mentioned that Leach had refused to speak with law enforcement without an attorney. Later, the state introduced testimony regarding his pre-arrest, pre-Miranda invocation of his right to counsel when the prosecutor commented that after agreeing to meet with the police, Leach called back and said that he 'wanted an attorney.' Still later, the state highlighted the evidence again in Sergeant Corbett's testimony.' *Id.* at ¶ 32, 807 N.E.2d 335. The court reversed the conviction '[b]ecause the evidence of guilt was not overwhelming in this case; the admission of defendant's pre-arrest, pre- *Miranda* silence was clearly prejudicial.' *Id.* at ¶ 38, 807 N.E.2d 335.

**{¶20}** "In light of the Supreme Court's decision in *Leach,* supra the testimony that appellant's mother called back and stated an attorney advised appellant not to speak with the police and that the appellant failed to appear for an appointment to speak to the police were error."

**{¶21}** Upon review of the prosecutor's remarks in this case, we find the same to be improper. However, in light of the limiting instruction and the strength of the evidence, we find the prosecutorial error was not prejudicial. The trial court immediately ordered the jury to disregard the statement, and the issue was not revisited.

**{¶22}** The first assignment of error is overruled.

II.

**{¶23}** In the second assignment of error, Appellant argues the evidence was insufficient to support her conviction for theft.

**{¶24}** Our review of the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which requires a court of appeals to determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.; see also, McDaniel v. Brown,* 558 U.S. 120, 130 S.Ct. 665, 673, 175 L.Ed.2d 582(2010) (reaffirming this standard); *State v. Fry,* 125 Ohio St.3d 163, 2010–Ohio–1017, 926 N.E.2d 1239,¶ 146; *State v. Clay,* 187 Ohio App.3d 633, 2010–Ohio–2720, 933 N.E.2d 296, ¶ 68.

**{¶25}** Appellant was convicted of theft, in violation of R.C. 2913.02(A)(1). The statute reads,

**{¶26}** "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

**{¶27}** "(1) Without the consent of the owner or person authorized to give consent;"

**{¶28}** The complaint herein states Appellant took "20-30 index cards containing log-in, passwords, and security information to several private insurance companies" without the permission of the owner, Regina Owens.

**{¶29}** Appellant asserts the State failed to introduce evidence Regina Owens or SFT Medical Billings was the owner of the index cards. Rather, Appellant argues, she, as an independent contractor, purchased the note cards for her own personal purposes and they remained her own personal property.

**{¶30}** R.C. 2901.01(A)(10)(A) defines property as:

**{¶31}** "(10)(a) 'Property' means any property, real or personal, tangible or intangible, and any interest or license in that property. 'Property' includes, but is not limited to, cable television service, other telecommunications service, telecommunications devices, information service, computers, data, computer software, financial instruments associated with computers, other documents associated with computers, or copies of the documents, whether in machine or human readable form, trade secrets, trademarks, copyrights, patents, and property protected by a trademark, copyright, or patent. 'Financial instruments associated with computers' include, but are not limited to, checks, drafts, warrants, money orders, notes of indebtedness, certificates of deposit, letters of credit, bills of credit or debit cards, financial transaction authorization mechanisms, marketable securities, or any computer system representations of any of them."

**{¶32}** Appellant purchased the note cards for her own use. However, upon transferring the passwords and log-in information for SFT's billing clients onto the cards, the cards contained "data" which was the property of SFT and Regina Owens. We find the log-in, password and security information for the private insurance companies constitutes "data" as defined in R.C. 2901.01(A)(10). Upon transferring the information to the note cards, Appellant caused the note cards to become the property of SFT and Regina Owens. Accordingly, we find there is sufficient evidence to support Appellant's conviction for theft.

**{¶33}** The second assignment of error is overruled.

**{¶34}** The judgment of the Delaware Municipal Court is affirmed.

By: Hoffman, J.

Delaney, P.J. and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CARLA M. RAMEY | : | |
| | : | |
| Defendant-Appellant | : | Case No. 12 CAC 06 0034 |

For the reasons stated in our accompanying Opinion, the judgment of the Delaware Municipal Court is affirmed. Costs to Appellant.


s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer
HON. SHEILA G. FARMER