[Cite as *State v. Sisson*, 2023-Ohio-1273.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2022 CA 0024 |
| JOHN SISSON | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Richland County Court of
                              Common Pleas, Case No. 2021 CR 0513


JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       April 19, 2023


APPEARANCES:


For Plaintiff-Appellee                    For Defendant-Appellant

GARY BISHOP                               DARIN AVERY
Prosecuting Attorney                      105 Sturges Avenue
Richland County, Ohio                     Mansfield, Ohio 44903

CHASE E. BAKER
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio 44902

*Hoffman, J.*

{¶1}　Defendant-appellant John R. Sisson appeals the judgment entered by the Richland County Common Pleas Court convicting him following jury trial of aggravated robbery (R.C. 2911.01(B)(1)(C)), assault (R.C. 2903.13(A)(C)(5)), harassment with a bodily substance (R.C. 2921.38(B)(D)), receiving stolen property (R.C. 2913.51(A)(C)), two counts of obstructing official business (R.C. 2921.31(A)(B)) and resisting arrest (R.C. 2921.33(B)(D)), and sentencing him to an aggregate term of incarceration of nine-and-one-half to thirteen-and-one-half years.　Plaintiff appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2}　On June 9, 2021, the Mansfield Police Department received a report of a suspicious vehicle near a local business, Moritz Trailer.　Security footage viewed by police showed a red van at the rear gate of the business, which is not a normal occurrence.　A man, later identified as Appellant, excited the vehicle, but when an employee came out of the business, Appellant jumped in the vehicle and fled the scene.　Officer Kory Kaufman ran the license plate number of the van, and discovered from LEADS it had been reported stolen in Knox County several days earlier.

{¶3}　Officers began searching for the van.　The van was spotted parked at a Marathon gas station.　Because cases involving car thefts are often dangerous, a group of officers responded to the scene.　They could not see inside the van because the windows were tinted.　Officers surrounded the van with their weapons drawn.　An officer opened the door to the van, and discovered Appellant laying on the floor between the front seats, with his feet toward the dash.

{¶4}　Officers yelled at Appellant to show his hands.　Appellant immediately began screaming and trying to crawl toward the back of the van, refusing to comply with

the order to show his hands. Because the van was used by its owner in a business, a number of tools were within Appellant's reach in the back of the van, including utility knives, screwdrivers, and box cutters. Appellant began kicking Officer Trey Hecht, at one point lodging his foot underneath Officer Hecht's vest. Appellant was TASED multiple times, but the TASER appeared to have no effect on him, as he continued his combative behavior.

{¶5} Finally, an officer outside the van was able to open the side door of the van, and officers and Appellant tumbled to the ground outside. Multiple officers attempted to get Appellant in handcuffs, while he continued to scream and struggle with officers. During the struggle, Appellant spit in the face of Sgt. Michael Haines, getting spit and blood from Appellant's mouth in Sgt. Haines's left eye. While Officer Scott Kotterman was on top of Appellant trying to handcuff him, Appellant was able to grab the butt of Officer Kotterman's gun, which was holstered on his hip. Several kicks from another officer were required to get Appellant's hand to release his grip on the gun.

{¶6} Officers eventually got Appellant handcuffed. Appellant remained on the ground, screaming. EMS was called, while officers told Appellant repeatedly to calm down. Appellant eventually went limp and was transported to the hospital for treatment.

{¶7} Appellant was indicted by the Richland County Grand Jury on aggravated robbery, two counts of assault (one count related to Officer Hecht, one count related to Officer Kotterman), harassment with a bodily substance, receiving stolen property, two counts of obstructing official business, and resisting arrest.

{¶8} Appellant filed a motion to suppress, arguing police did not have probable cause to arrest him. The trial court held an evidentiary hearing, at which the dash camera

video from Officer Kotterman's cruiser was admitted into evidence. The trial court overruled Appellant's motion, finding police had a right to investigate the vehicle which had been reported stolen and to determine if anyone was inside. The trial court found Appellant thereafter attempted to conceal himself from police and refused to show his hands, causing officers to have to restrain him for officer safety. The trial court found probable cause to arrest Appellant.

{¶9} The case proceeded to jury trial in the Richland County Common Pleas Court. Following trial, Appellant was found not guilty of one count of assault related to Officer Kotterman, and guilty of all remaining charges. The trial court entered judgment in accordance with the jury's verdict, and sentenced Appellant to an aggregate term of incarceration of nine-and-one-half to thirteen-and-one-half years. It is from the March 4, 2022 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I. THE TRIAL COURT ERRED IN FINDING THAT THE ARREST OF SISSON WAS LAWFUL.

II. THE TRIAL COURT ERRED IN NOT SUPPRESSING THE FRUITS OF THE ILLEGAL ARREST OF THE DEFENDANT.

III. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S RULE 29 MOTION TO DISMISS.

IV. THE TRIAL COURT ERRED BY NOT SUA SPONTE DECLARING A MISTRIAL IN LIGHT OF MISCONDUCT BY THE OFFICERS AND PROSECUTOR.

V. THE JURY'S FINDING WAS AGAINST THE MANIFEST WEIGHT

OF THE EVIDENCE.

I., II.

**{¶10}** In his first assignment of error, Appellant argues the trial court erred in finding the officers had probable cause to arrest him because they had not received confirmation from Knox County the LEADS report concerning the stolen vehicle was valid. He argues in his second assignment of error because his arrest was not supported by probable cause, the trial court should have suppressed evidence as fruits of the illegal arrest. We address both assignments of error together.

**{¶11}** Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 154-155, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. *See State v. Dunlap*, 73 Ohio St.3d 308,314, 1995-Ohio-243, 652 N.E.2d 988; *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. *See Burnside, supra; Dunlap, supra; State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1(4th Dist. 1998); *State v. Medcalf,* 111 Ohio App.3d 142, 675 N.E.2d 1268 (4th Dist. 1996). However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. *See Burnside, supra, citing State v. McNamara,* 124 Ohio App.3d 706, 707 N.E.2d 539(4th Dist. 1997); *See, generally, United States v. Arvizu*, 534

U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740(2002); *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911(1996). That is, the application of the law to the trial court's findings of fact is subject to a de novo standard of review. *Ornelas, supra.* Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas, supra* at 698, 116 S.Ct. at 1663.

{¶12} A LEADS report specifying a vehicle is stolen provides officers with a reasonable suspicion of criminal activity which justifies further investigation. *See State v. Campbell,* 8th Dist. Cuyahoga No. 83787, 2004-Ohio-6858, ¶11. The officers in the instant case were unable to see inside the van through the windows, which were tinted. Therefore, they did not know if the vehicle was occupied or if it was safe to approach the vehicle, and approached the vehicle with guns drawn before opening the door.

{¶13} The testimony of Officer Kotterman and of Sgt. Webb at the suppression hearing established Sgt. Webb opened the passenger door of the van and yelled for Appellant to show his hands. The officers testified Appellant refused to comply, and began screaming and trying to crawl to the back of the van. Although the video from Officer Kotterman's dash camera did not show what was happening inside the van, officers could be heard repeatedly telling Appellant to show his hands. Officers testified tools which could be used as weapons were visible on the floor near Appellant.

{¶14} Appellant was charged and convicted of two counts of obstructing official business, felonies of the fifth degree, in violation of R.C. 2921.31, which provides, "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official

capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."

**{¶15}** Immediately upon being ordered to "show his hands," Appellant refused to comply with the order and began trying to crawl toward the back of the van where various tools which could be used as weapons were near him. At this point, police had probable cause to place him under arrest for obstructing official business, as Appellant's actions delayed and obstructed the officers in their investigation of the LEADS report the van was stolen. Further, there was testimony during the early seconds of the encounter with police, while Appellant was refusing to comply with the order to show his hands, Appellant kicked Officer Hecht. At this point, police had probable cause to place Appellant under arrest for assault, an offense of which he was ultimately charged and convicted.

**{¶16}** We find the trial court did not err in finding the police had probable cause to arrest Appellant, and therefore the trial court did not err in overruling Appellant's motion to suppress fruits of the arrest. The first and second assignments of error are overruled.

### III.

**{¶17}** In his third assignment of error, Appellant argues the judgment of conviction was not supported by sufficient evidence, and therefore the trial court erred in overruling his Crim. R. 29 motion to dismiss.

**{¶18}** A Crim. R. 29(A) motion for acquittal tests the sufficiency of the evidence presented at trial. *State v. Blue,* 5th Dist. Stark No. 2001CA00250, 2002–Ohio–351, *citing State v. Williams*, 74 Ohio St.3d 569, 576, 1996–Ohio–91, 660 N.E.2d 724; *State v. Miley*, 114 Ohio App.3d 738, 742, 684 N.E.2d 102 (4th Dist. 1996). Crim. R. 29(A) allows a trial court to enter a judgment of acquittal when the State's evidence is insufficient to sustain

a conviction. A trial court should not sustain a Crim. R. 29 motion for acquittal unless, after viewing the evidence in a light most favorable to the State, the court finds no rational finder of fact could find the essential elements of the charge proven beyond a reasonable doubt. *State v. Franklin*, 5th Dist. Stark No. 2007–CA–00022, 2007–Ohio–4649 at ¶ 12, *citing State v. Dennis*, 79 Ohio St.3d 421, 1997–Ohio–372, 683 N.E.2d 1096.

{¶19} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

**Aggravated Robbery**

{¶20} Appellant was convicted of one count of aggravated robbery in violation of R.C. 2911.01(B)(1):

(B) No person, without privilege to do so, shall knowingly remove or attempt to remove a deadly weapon from the person of a law enforcement officer, or shall knowingly deprive or attempt to deprive a law enforcement officer of a deadly weapon, when both of the following apply:

(1) The law enforcement officer, at the time of the removal, attempted removal, deprivation, or attempted deprivation, is acting within the course and scope of the officer's duties;

(2) The offender knows or has reasonable cause to know that the law enforcement officer is a law enforcement officer.

{¶21} Appellant first argues Officer Kotterman was not acting within the course and scope of his duties because he was conducting an illegal arrest. Because we have found in our discussion of assignment of error one the arrest was supported by probable cause and was therefore not illegal, we find the State presented sufficient evidence Officer Kotterman was acting within the course and scope of his official duties.

{¶22} Appellant next argues he did not act "knowingly" because he was face down, surrounded by officers, and handcuffed at the time he touched Officer Kotterman's weapon.

{¶23} R.C. 2901.22 defines the mental state of "knowingly" as follows:

(B) A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

{¶24} Officer Trey Hecht testified he saw Appellant's hand squeezing Officer Kotterman's gun, and Officer Hecht kicked Appellant's hand multiple times until Appellant released the gun. Officer Hecht testified, "He [Appellant] had a hold of all of the gun." Tr. 259. Sgt. Michael Haines also testified Appellant gripped Officer Kotterman's gun tightly.

Patrolman Kody Leitz testified Appellant grabbed Officer Kotterman's gun by the butt of the gun, and would not let go. Officer Kotterman testified he started to stand up after handcuffing Appellant, and felt a tug.  He realized Appellant had a grip on his firearm. Officer Kotterman testified Appellant had his full hand on the gun.  From this testimony, we find the jury could conclude Appellant knowingly grabbed Officer Kotterman's gun, and the judgment convicting Appellant of aggravated robbery is supported by sufficient evidence.

### Assault

{¶25}  Appellant was convicted of assault for kicking Officer Hecht, in violation of R.C. 2903.13(A), which provides, "No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn."

{¶26}  Appellant argues he kicked the officer after he had been TASED, and was not attempting to cause harm, but merely struggling to survive and become oriented.

{¶27}  The State presented testimony the TASER appeared to have no effect on Appellant, and Appellant displayed extreme strength throughout the encounter.  Officer Hecht testified Appellant kicked him multiple times, with Appellant's foot getting stuck under Officer Hecht's vest.  At the time he kicked Officer Hecht, Appellant was refusing to comply with the order to show his hands, attempting instead to crawl away from the officers toward the back of the van.  Further, in the video of the encounter, an officer can be heard ordering Appellant to stop kicking him. We find the State presented sufficient evidence from which the jury could conclude Appellant knowingly attempted to cause physical harm to Officer Hecht by kicking him.

**Harassment With a Bodily Substance**

**{¶28}** Appellant was convicted of harassment with a bodily substance in violation of R.C. 2921.31:

> (B) No person, with intent to harass, annoy, threaten, or alarm a law enforcement officer, shall cause or attempt to cause the law enforcement officer to come into contact with blood, semen, urine, feces, or another bodily substance by throwing the bodily substance at the law enforcement officer, by expelling the bodily substance upon the law enforcement officer, or in any other manner.

**{¶29}** Appellant argues there was no evidence he intended to harass, annoy, threaten, or alarm Sgt. Haines because he was struggling for his life at the time he spit blood at Sgt. Haines.

**{¶30}** Sgt. Haines testified during the struggle to arrest Appellant, Appellant spit at him, getting blood and spit on his face and left eye. We find the jury could conclude from this testimony, and from the testimony and video of the entire encounter, Appellant spit at Sgt. Haines not because he was struggling for his life as he now contends, but because he intended to harass, annoy, threaten or alarm the officer, who was part of a group attempting to handcuff Appellant.

**Receiving Stolen Property**

**{¶31}** Appellant was convicted of receiving stolen property in violation of R.C. 2913.51(A), which provides, "No person shall receive, retain, or dispose of property of

another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

**{¶32}** Appellant argues there was no evidence from which the jury could find he knew or had reasonable cause to believe the van had been obtained through commission of a theft offense. He argues merely being present inside the van which had been stolen is insufficient, standing alone, to prove he had reasonable cause to believe the van had been obtained through commission of a theft offense.

**{¶33}** Officer Kory Kaufman testified at the suppression hearing he watched the security video footage from Moritz Trailers and identified Appellant as the man who jumped into the van and fled the scene; however, Officer Kaufman did not testify at trial. However, Officer Kotterman testified at trial the van in question had earlier been seen at Moritz Trailers, and was later found at the Marathon station. Officer Hecht testified the van's ignition turned over without a key, as if it had been "punched," not hot-wired. Tr. 380-81.

**{¶34}** Based on the testimony about the lack of a key and the manner in which the van could be started, we find the State presented sufficient evidence Appellant had reasonable cause to believe the van in which he was the sole occupant had been obtained through commission of a theft offense.

### Obstructing Official Business

**{¶35}** Appellant was convicted of two counts of obstructing official business in violation of R.C. 2921.31(A), which provides, "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any

authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."

**{¶36}** Appellant argues again the officers were not performing an authorized act or their lawful duties because the arrest was illegal. For the reasons stated earlier in this opinion, we find Appellant's argument is without merit, and the State presented sufficient evidence to support Appellant's convictions of obstructing official business.

**{¶37}** The third assignment of error is overruled.

IV.

**{¶38}** In his fourth assignment of error, Appellant argues the trial court should have sua sponte declared a mistrial because the State attempted to admit irrelevant and prejudicial evidence he later fled from the hospital, and further because the officers' testimony throughout the suppression hearing and trial was contradictory and not credible.

**{¶39}** "A trial court may grant a mistrial sua sponte when there is manifest necessity for the mistrial or when 'the ends of public justice would otherwise be defeated.'" *Cleveland v. Walters*, 98 Ohio App.3d 165, 168, 648 N.E.2d 37 (1994). If no motion for a mistrial is requested at trial, the failure to grant a mistrial sua sponte is judged under a plain error standard. *State v. Jones*, 115 Ohio App.3d 204, 207, 684 N.E.2d 1304 (1996).

**{¶40}** Under the plain error standard of review, the defendant bears the burden of "showing that but for a plain or obvious error, the outcome of the proceeding would have been otherwise, and reversal must be necessary to correct a manifest miscarriage of justice." *State v. West*, 168 Ohio St.3d 605, 2022-Ohio-1556, 200 N.E.3d 1048, ¶22. An appellate court has discretion to notice plain error and is not required to correct it. *Id.*

**{¶41}** Appellant argues the trial court erred in failing to sua sponte declare a mistrial when Officer Kotterman testified he saw Appellant a few days after the arrest, when Appellant fled the hospital in a gown. Appellant objected, and the trial court sustained the objection. We find Appellant has not demonstrated plain error. The reference to Appellant fleeing the hospital was brief, and the trial court immediately sustained Appellant's objection.

**{¶42}** Appellant also argues the trial court should have sua sponte declared a mistrial because of the contradictory testimony of the officers. It is the province of the jury to determine where the truth lies from conflicting testimony. *State v. Craig*, 10th Dist. Franklin No. 99AP-739, 2000 WL 297252, *3, *citing State v. Lakes,* 120 Ohio App. 213, 217, 201 N.E.2d 809 (1964). We find the trial court did not err in failing to sua sponte declare a mistrial because of inconsistent testimony, as the determination of the credibility of witnesses is within the province of the jury.

**{¶43}** The fourth assignment of error is overruled.

V.

**{¶44}** In his final assignment of error, Appellant argues the judgment is against the manifest weight of the evidence based on the contradictory and inconsistent testimony of the officers.

**{¶45}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and

a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, *quoting State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

**{¶46}** We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997). While the jury may take note of inconsistencies and resolve or discount them accordingly, such inconsistencies alone do not render a conviction against the manifest weight or sufficiency of the evidence. *State v. Wolters,* 5th Dist. No. 21CA000008, 2022-Ohio-538, 185 N.E.3d 601, ¶ 20, *appeal not allowed*, 167 Ohio St.3d 1407, 2022-Ohio-2047, 188 N.E.3d 1098.

**{¶47}** We find the jury did not lose its way in believing the testimony of the officers. While the details of the encounter varied between the witnesses, the incident itself was somewhat chaotic with the officers involved having different vantage points, as demonstrated by the video which was admitted into evidence. From a review of the transcript, we find the officers' testimony did not vary in material ways about the conduct of Appellant which gave rise to the charges. We find the judgments of conviction are not against the manifest weight of the evidence.

**{¶48}**  The fifth assignment of error is overruled.

**{¶49}**  The judgment of the Richland County Common Pleas Court is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Delaney, J. concur